**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clarence RUFFEN,**
**Defendant-Appellant.**

No. 85–1066.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1985.

Decided Jan. 22, 1986.

---

1. The specified acts are cited as representative only and are not intended to be all inclusive.

Sandy Svetcov, Eb Luckel, Asst. U.S. Attys., San Francisco, Cal., for plaintiff-appellee.

Richard L. Jaeger, Robert C. Goodman, San Francisco, Cal., for defendant-appellant.

Before TANG and WIGGINS, Circuit Judges, and WILLIAMS,* Senior District Judge.

DAVID W. WILLIAMS, Senior District Judge:

Clarence Ruffen pled guilty to one count of conspiring to steal and convert to his own use funds of the United States in violation of 18 U.S.C. § 371. He had conspired with a female employee of the Alameda County Social Services Agency to cause the improper payment of over $1,200,000 in Aid to Families with Dependent Children ("AFDC") benefits. Ruffen's role was to find individuals willing to receive the checks, cash them and kick back most of the money received. He recruited at least 20 recipients and caused other recruiters to get more. He cashed over $18,000 of checks issued in his own name. There was evidence that he obtained approximately $400,000 of the total money although Ruffen estimated that he received $200,000 which he spent on drugs.

The district court sentenced Ruffen to five years imprisonment and ordered him to make restitution in the amount of $50,000 to the agency. Ruffen then filed a timely motion under Rule 35 of Federal Rules of Criminal Procedure claiming the following: 1) the order requiring restitution of $50,000 violated the Victim and Witness Protection Act of 1982 (hereinafter VWPA), 18 U.S.C. § 3579, where the uncontroverted evidence before the court established that Ruffen had no financial resources, had substantial obligations and

---

* Honorable David W. Williams, Senior United States District Judge, Central District of California, sitting by designation.

had limited future earning potential; and 2) a governmental entity cannot be a "victim" under the VWPA.[1]

■ The district court's denial of appellant's motion for reduction of sentence will not be disturbed on appeal absent a clear abuse of discretion. *United States v. Kouwenhoven*, 602 F.2d 234, 238 (9th Cir. 1979); *United States v. Krueger*, 454 F.2d 1154, 1155 (9th Cir.1972). In determining whether a decision-maker abused his discretion, the reviewing "court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). The question of whether the sentencing judge abused his discretion thus depends not on whether Ruffin was indigent, but on the way in which the judge considered that claim.

### I.

Appellant argues that he was indigent, had not held a job since 1981, had three minor children to support and would have little earning potential upon his release from prison. He further contends that the district judge did not consider, as the VWPA requires, his indigency and lack of earning potential and that the restitution order should be vacated. It should be pointed out that the probation officer recommended no restitution because of Ruffen's bleak financial picture.

Section 3580(a) of the VWPA provides:

The court, in determining whether to order restitution ..., shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's depend-

ents, and such other factors as the court deems appropriate.

It is important to note that this section calls upon the sentencing judge to consider the various factors in determining whether to impose an order of restitution. It is clear from this record that the judge did in fact consider Ruffen's financial condition. The district court had before it a presentence report which stated that Ruffen had no assets, no net worth and no legitimate means of supporting himself. It called attention to the appellant having fathered three children by different mothers and not having held a steady job since 1981. It also reported that Ruffen had attended college for four years and later played professional basketball, from which he earned $5000 to $9000 per season until 1981. Moreover, Ruffen's attorney made an impassioned plea to the judge to discourage the fixing of a restitution order in which he fully argued appellant's indigency and probable inability to pay following his release from prison.[2]

■ The VWPA does not prohibit a sentencing court from imposing a restitutionary sentence upon a defendant who is indigent at the time of sentencing. *United States v. Keith*, 754 F.2d 1388, 1393 (9th Cir.), *cert. den.*, — U.S. ——, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985), *citing United States v. Brown*, 744 F.2d 905, 910 (2d Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984). While the amount of this order is large, it is a small fraction of the loss to the victim and represents a quarter of the proceeds Ruffen admitted receiving. Moreover, if at the end of the five-year period following appellant's release from prison, he has not paid the full amount but makes a showing that he tried in good faith to comply with the order, there is every likelihood that a remittitur order will be granted against the balance due. *See Bearden v. Georgia*, 461 U.S.

---

1. Appellant abandoned issues of his entitlement to a jury trial and to an evidentiary hearing as to restitution liability after considering *United States v. Keith*, 754 F.2d 1388 (9th Cir.), *cert. den.*, — U.S. ——, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985).

2. The district judge's comment to this was "What happens if he has no money and he doesn't pay? Nothing.". R.T. pp. 6–7. This statement is in accord with 18 U.S.C. § 3579(g).

660, 667–68, 103 S.Ct. 2064, 2070, 76 L.Ed.2d 221 (1983) ("[I]f the State determines ... restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it.")

## II.

■ Whether a governmental entity constitutes a "victim" within the meaning of the VWPA is a question of law reviewable de novo by this court. *United States v. McConney*, 728 F.2d 1195 (9th Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

Ruffen's second argument is that under the VWPA a governmental entity such as the Alameda County Social Services Agency cannot be a victim entitled to restitution. He contends that the VWPA was designed to protect human victims of crime rather than a governmental entity. Although interpretation of this statute during the three years of its existence has been rather sparse, this argument lacks merit.

While the term "victim" is not defined in the VWPA, § 3579(a)(1) of the VWPA permits restitution to "any victim of the offense," and courts have granted restitution to nonhuman entities such as the government and corporate institutions.

In *United States v. Dudley*, 739 F.2d 175 (4th Cir.1984), the Fourth Circuit addressed tangentially[3] whether a government could be a victim under the VWPA. Dudley had been convicted of, inter alia, conspiracy to use food stamp coupons and unlawful use of food stamp coupons. While there was not an argument advanced on behalf of Dudley that the government may not be a victim under § 3479, the court sustained a restitutionary order to the government as a victim. The court noted "the government is not foreclosed from establishing that it has been victimized by the crime and recovering restitution." *Id.* at 178. The court cited *United States v. Wurts*, 303 U.S. 414, 416, 58 S.Ct. 637, 638, 82 L.Ed. 932 (1938), for the proposition that "[t]he Govern-

ment's right to recover funds, from a person who received them by mistake and without right, is not barred unless Congress has 'clearly manifested its intention' [footnote omitted] to raise a statutory barrier." *United States v. Dudley*, 739 F.2d at 178.

In *United States v. Durham*, 755 F.2d 511, 513–14 (6th Cir.1985), the court considered the issue of whether the VWPA was tended to apply only to human victims and concluded in the negative. The Sixth Circuit in *Durham* upheld an order to pay restitution to an insurance company and a bank. *See also United States v. Richard*, 738 F.2d 1120 (10th Cir.1984) (upholding an order requiring restitution to a bank); *United States v. Florence*, 741 F.2d 1066 (8th Cir.1984) (upholding order of full restitution to a bank and an insurer).

■ We hold and determine that Alameda County is a victim capable of receiving restitution under the VWPA. The government has a "right to recover funds ... from a person who received them by mistake and without right...." *United States v. Wurts*, 303 U.S. 414, 416, 58 S.Ct. 637, 638, 82 L.Ed. 932 (1938). Furthermore, since the government "stands in the shoes" of the taxpayers, *United States v. Lynch*, 699 F.2d 839, 845 (7th Cir.1982), there are human victims of this crime—taxpayers—who were defrauded out of revenue which they had paid to the government.

AFFIRMED.

■

---

**3.** The issue in *Dudley* was whether a restitution order abated when a defendant died, or whether it became an obligation of the defendant's estate.