942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael O. WASHINGTON, Defendant-Appellant.
 No. 90-10497.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 28, 1991.
 
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael O. Washington appeals his sentencing following a guilty plea to submitting a false document to the Internal Revenue Service, in violation of 26 U.S.C. § 7207. Washington contends that the district court erred by partially denying his motion to reconsider the sentence, and ordering him to pay back taxes in the amount of $56,197 without the benefit of an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 1291 and affirm the sentence.
 
 
 3
 "The district court's denial of [an] appellant's motion for reduction of sentence will not be disturbed on appeal absent a clear abuse of discretion.... In determining whether a decision-maker abused his discretion, the reviewing 'court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.' " United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.), cert. denied, 479 U.S. 963 (1986). The denial of a request for an evidentiary hearing is also reviewed for an abuse of discretion. See United States v. Monaco, 852 F.2d 1143, 1148 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989).
 
 
 4
 The district court "is authorized to order restitution up to the amount of loss to aggrieved parties.... a court may fix restitution in an amount greater than the amount alleged in the indictment or plea agreement if the greater amount is 'judicially established.' " United States v. Jenkins, 884 F.2d 433, 440 (9th Cir.), cert. denied, 110 S.Ct. 568 (1989). The district court's authority to order restitution is not curbed by a silent plea agreement or indictment, so long as the ordered amount is "proved with certainty." Id.
 
 
 5
 Here, Washington argues that the district court erred by ordering him to pay $56,197 in back taxes in the absence of an evidentiary hearing and when the plea agreement was silent.[1] He claims that the ordered back tax was unsupported by competent evidence and that an evidentiary hearing was necessary.
 
 
 6
 Although Washington's plea agreement did not specify the amount of income underreported or the amount in back taxes owed, Washington's presentence report (PSR) indicated that he owed $56,197 to the Internal Revenue Service.[2] The district court exercised its discretion to "judicially establish" the amount of tax loss by adopting the PSR's statement. Cf. Jenkins, 884 F.2d at 440; United States v. Barany, 884 F.2d 1255, 1260 (9th Cir.1989) (amount in restitution must be judicially determined), cert. denied, 110 S.Ct. 755 (1990).
 
 
 7
 Washington did not raise an objection to the PSR's assertion at the time he was sentenced. At the hearing for reconsideration, Washington had an opportunity to present facts to the district court in rebuttal to the amount in back taxes, but did not. See Monaco, 852 F.2d at 1149. Washington neither alleges nor shows that additional information would have been brought out in an evidentiary hearing. Accordingly, the district court did not abuse its discretion by denying Washington's request for an evidentiary hearing and his request for reconsideration of his sentence. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Washington also argues that restitution orders must be limited to losses resulting from the offense of conviction. We fail to see the relevance of this argument since Washington's conviction pertained to the 1980 tax year and the back taxes ordered derived from that same year. The restitution amount did not include tax liability for any other tax years
 
 
 [2]
 The probation officer based his statement on reports by the Internal Revenue Service (IRS) finding that Washington had additional unreported income in the amount of $119,690. The IRS calculated Washington's tax liability for this amount at $56,197. Washington's alleged underreported income arose from his escort service, Swinging Suzie's
 Since the PSR was available to Washington before sentencing, he was notified that liability for back taxes could be considered by the district court.