952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Helmut GAENSEL, Defendant-Appellant.
 No. 91-30080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 26, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Helmut Gaensel appeals the district court's order denying his motion to terminate probation, following his conviction for overvaluing gem stones pledged as collateral in connection with a bank loan in violation of 28 U.S.C. § 1014. Gaensel contends that the district court abused its discretion by refusing to terminate his probation early under 18 U.S.C. § 3651 (repealed 1984) because he has satisfied the special conditions of his probation. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A district court's denial of a motion for reduction of sentence is reviewed for abuse of discretion. See United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.) (motion under former Fed.R.Crim P. 35), cert. denied, 479 U.S. 963 (1986). Probation may be modified where the district court has found that it no longer serves any probationary purpose.[1] United States v. Van Cauwenberghe, 827 F.2d 424, 435 (9th Cir.1987), cert. denied, 484 U.S. 1042 (1988); see 18 U.S.C. § 3651 (repealed 1984). Terms of probation will be upheld if they are reasonably related to the two purposes of probation, rehabilitation and protection of the public. United States v. Terrigno, 838 F.2d 371, 374 (9th Cir.1988).
 
 
 4
 Gaensel argues that because he has satisfied the special conditions of his probation by paying a fine and restitution the district court had no jurisdiction under 18 U.S.C. § 3651 for refusing to terminate his four-year probation term prior to its expiration. Nonetheless, the permissive wording of the statute clearly indicates that the district court may, but need not, change the probation period upon payment of a fine and restitution. Here, after consulting with Gaensel's probation officers, the government offered information to show that Gaensel's continued supervision was necessary to ensure that he not resume fraudulent practices involving his venture capital/mining business.[2] Gaensel disputed the officers' account on a variety of points, but provided the district court with documents consistent with their assessment that he lacked any discernible income, had no job, and was ineligible for employment in this country because of his immigration status.[3] The district court concluded that it was "in the best interest of the public and the defendant for the defendant to complete the term of his probation." The district court did not abuse its discretion in finding that some probationary purpose remained to be served by Gaensel's continued probation, despite his having paid the requisite fine and restitution. See Terrigno, 838 F.2d at 374; Van Cauwenberghe, 827 F.2d at 434, 435.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Former 18 U.S.C. § 3651, which remains applicable to offenses committed prior to November 1, 1987, states: "The court may revoke or modify any condition of probation, or may change the period of probation." Gaensel invites this court to consider his appeal also in light of 18 U.S.C. § 3564(c), which by its terms covers only offenses committed after November 1, 1987. Application of section 3564(c) is inappropriate for Gaensel's offense, which occurred in 1982, and in any case would not affect the outcome
 
 
 [2]
 Gaensel does not address this issue, but claims that he poses no threat to the public because he has committed no new crimes while on probation. Although it is well settled that the commission of new crimes may result automatically in probation revocation, Gaensel presents no authority to suggest that failure to commit new crimes should result in the early termination of probation
 Gaensel does note the following provision: "The defendant's liability for any punishment (other than a fine) imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation." 18 U.S.C. § 3651. Nonetheless, the fact that a defendant's parole obligations, with the exception of fines, do not survive beyond the term of parole is irrelevant to whether the defendant remains subject to parole after paying a fine.
 
 
 [3]
 These documents disclose as Gaensel's most substantial "asset" an unconfirmed debt of approximately $3.4 million owed to him by Gaensel Mining and Energy, Inc., of which Gaensel is the president. Gaensel did not offer any evidence to substantiate his vague claim that the foreign travel restrictions imposed by his probation prevent him from conducting his business as an E-2 treaty investor, presumably involving Gaensel's mining operation. This court has already affirmed the district court's denial of Gaensel's motion for permission to travel outside the United States, which he made prior to payment of restitution. See United States v. Gaensel, No. 90-30030, unpublished memorandum disposition (9th Cir. Aug. 23, 1990)