**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Gerry E. BLANCHARD, Defendant–**
**Appellant.**

**Nos. 92–1723, 92–1724.**

United States Court of Appeals,
Sixth Circuit.

Argued March 18, 1993.

Decided Nov. 2, 1993.

---

Michael A. MacDonald, Asst. U.S. Atty. (argued), Grand Rapids, MI, for plaintiff-appellee.

Paul L. Mitchell (argued and briefed), Grand Rapids, MI, for defendant-appellant.

Before: MARTIN and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.

SILER, Circuit Judge.

The defendant, Gerry E. Blanchard, pled guilty to bankruptcy fraud as charged under 18 U.S.C. § 152, and to defense contract fraud. He was sentenced to 24 months of incarceration and supervised release thereafter. During the sentencing hearing, the court made the following explanation of the defendant's restitution obligation:

Now I am aware of what your counsel has said about your financial situation, and I have read the presentence report, and I know that this whole matter is in bankruptcy, and what future earnings and financial capacity you are going to have, I have no way of knowing. But it does seem to the Court that there was a—evidence seemed to be clear in the presentence report that there was an unauthorized removal of approximately $118,000, and I think the Court would be neglecting its responsibility if the Court didn't order that restitution be made on that, and I think we're just going to have to wait and see what kind of an effort is made. If in fact there is serious effort made to start paying that back and the Court is satisfied that this effort has been made in good faith and if for some reason there just aren't funds to pay it but there has been some sort of regular payment on it, that can also be revisited at some later time. I think to a large extent it's the good faith effort to accept the responsibility that that shouldn't have been removed and that it belongs, that money belongs to somebody else, and that a good faith effort is going to be made to try to pay that back. And

depending on what you are doing and what your financial situation is, depending on your good faith compliance, the Court may at some later time take another look at that.

The district court also ordered the defendant to pay a fine of $6,500, and made the following statement:

Now, in addition, I'm going to order a fine of $6500, and this is based, to some extent, at least, on the orders that have been entered for reimbursement of counsel, which have not been paid, but I am going to terminate that order. So that that order will no longer be in effect, and I am going to order simply a fine of $6500.

The defendant does not point to any place in the record where his financial ability is discussed or set out, except in the presentence report. This report reveals, however, that the defendant was declared indigent at a lengthy, extensive hearing held in July, 1991, and, in turn, qualified for court-appointed counsel as a consequence of his plight. The defendant's total liabilities apparently are $1,255,000 with no reflected remaining assets. The probation officer concluded that "[b]ased on the above financial profile (if true), it does not appear that Mr. Blanchard is in a current economic position to pay a large fine, the costs of imprisonment, or restitution."

Defendant challenges in this appeal both the order of restitution and the imposition of the fine. He claims that both these actions constituted an abuse of the sentencing judge's discretion, as he maintains that there was no evidence that he has "either the present ability or future ability to pay either."

## I.  *RESTITUTION*

■ This court reviews the district court's order of restitution for abuse of discretion, but reviews the district court's application of a statute de novo. The statute quoted below sets forth the basis for determining restitution in this case:

The court, in determining whether to order restitution ... and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. 18 U.S.C. § 3664(a).

As noted by the transcript, the trial judge acknowledged that he had reviewed the presentence report, but, without any further explanation, he decided to impose an order of restitution. We have pointed to the amount of loss sustained to Blanchard's creditors, and to the record which reflects no remaining financial assets. The district court discussed none of defendant's "needs," nor his dependents' resources or needs, as required by statute, at the hearing. Has the district court, at least by inference, taken into account "other factors" deemed appropriate in ordering restitution, as well as the specific statutory matters set forth? We think it did.

In the sentencing order, the district court made reference to other "state charges in California," and directed that he be confined in San Diego close to his family. The court also directed that he be released from confinement "at the earliest possible date," and has found that he has "no ability to pay interest," waiving any accrual of interest on the fine imposed, but not waiving interest on the much larger restitution amount. Installments of both restitution and fine were to be determined by the probation office and the United States Attorney's office.

From the presentence report, it was apparent that Blanchard, the chief executive officer of Kinross Manufacturing Co., concealed substantial assets worth $118,000 in the corporate bankruptcy case and Blanchard received the entire benefit from this particular fraud. He diverted other amounts to his alleged former paramour. He has a wife and two children, and the spouse runs a business in the San Diego area.[1] Blanchard's I.Q. is very high and he attained a

1. Blanchard's spouse had a "net salary" of $3,000 monthly at the time of the presentence report.

Master's Degree in Education before getting into business. He was a highly paid executive until his Michigan corporation went into bankruptcy; he also admittedly earned up to $9,000 in two years in a new business venture and his salary was $350 a month. He and his family lived in a very nice home, valued at $240,000 or greater, upon which they were paying $1275 monthly toward a lease/purchase. In addition, he had formerly been a congressional aide and earned an average annual income of greater than $100,000 between 1984 and 1989.

The information available to the district court demonstrates that Blanchard has had a ready ability to attain high earnings once out of jail, and that apparently his wife also has a talent for generating earnings. Although defendant's obligations are very considerable, the district court was aware of other factors pertinent to its decision that the defendant should make some good faith effort toward restitution for his fraud subject to the court's "revisiting" his financial situation at a later time. The district court relied on some of the presentence report information, or drew reasonable inferences therefrom.

It would, of course, have been helpful for the district court to have set out the specifics of "other appropriate factors" it considered in ordering restitution, plus interest. It must disclose to the defendant "all portions of the presentence" report, or other source of information upon which it relies in fixing restitution. *See* 18 U.S.C. § 3664(c). Nevertheless, the burden of proving the lack of financial resources and the financial needs of the defendant is on the defendant. 18 U.S.C. § 3664(d). This court has refused, however, to require the district court to make factual findings on the record regarding the financial ability to pay. *See United States v. Purther*, 823 F.2d 965, 969 (6th Cir.1987) [2].

■ We held, under a comparable provision of the criminal code, 18 U.S.C. § 3580, that "[w]hile a defendant's ability to pay is a consideration in the determination of restitution, 18 U.S.C. § 3580(a), indigency is not a bar to an order of restitution." *United*

States v. Mounts, 793 F.2d 125, 128 (6th Cir.), *cert. denied*, 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986); *see also Purther*, 823 F.2d at 970. The guidelines sentencing provision was included as a form of punishment as well as to aid the victim of a criminal act.[3] *See United States v. Ruffen*, 780 F.2d 1493, 1494–1495 (9th Cir.) (affirming a $50,-000 restitution order against one claiming "no financial resources" with "substantial obligations and limited future earning potential"), *cert. denied*, 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986); *United States v. Fountain*, 768 F.2d 790, 802–803 (7th Cir. 1985) ("the statute does not say that indigency is a defense, only that it is a factor the judge is required to take into account, 18 U.S.C. § 3580(a), ... [but] [e]veryone knows that Fountain and Silverstein cannot *now* make restitution" in affirming nearly a half million dollars in a restitution order), *cert. denied*, 475 U.S. 1124, 106 S.Ct. 1647, 90 L.Ed.2d 191 (1986).

In *Ruffen*, the sentencing court also required a "showing that [defendant] tried in good faith to comply with the order," with a likely "remittitur order" in prospect. 780 F.2d at 1495. We see nothing wrong with such a suggestion in the case of Blanchard. *See also United States v. Matovsky*, 935 F.2d 719, 722 (5th Cir.1991); *United States v. Doyan*, 909 F.2d 412, 414–15 (10th Cir.1990); *United States v. Keith*, 754 F.2d 1388, 1393 (9th Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985).

As the court considered the factors required under 18 U.S.C. § 3664, there was no abuse of discretion here, for defendant has excellent earning ability, even if he is in a temporary financial bind.

## II. *FINE*

■ U.S.S.G. § 5E1.2(a) provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Thus, the problem arises that the defendant did not

---

**2.** *Purther* considered 18 U.S.C. § 3580, similar in many respects to § 3664.

**3.** *See* U.S.S.G. § 5E1.1.

present any proof that he was not able to pay a fine.

In determining the amount of the fine, the court is to consider, among other things, "any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources." U.S.S.G. § 5E1.2(d)(2). Furthermore, the court is to consider the burden that the fine places on the defendant and his dependents relative to other alternative punishments. Finally, § 5E1.2(f) permits the court to impose a lesser fine or waive the fine if the defendant establishes that

> (1) he is not able and, even with use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine ..., or (2) imposition of a fine would unduly burden the defendant's dependents, ...

The Commentary to § 5E1.2 explains that the court can dispense with a fine if the court determines that the defendant does not have present or future ability to pay the fine. Evidence of such present inability may include inability to post bond and afford counsel.

This court has explained that the defendant must carry his burden "of showing that he was unable to pay his fines imposed by the District Court." *United States v. Bradley*, 922 F.2d 1290, 1298 (6th Cir.1991), *overruled on other grounds, United States v. McGlocklin*, 8 F.3d 1037, 1046–47 (6th Cir. 1993) (en banc). In *Bradley*, the defendant did not put on proof that he no longer had the ability to pay a fine after the district court found that he had such ability. *See also United States v. Perez*, 871 F.2d 45, 48 (6th Cir.), *cert. denied*, 492 U.S. 910, 109 S.Ct. 3227, 106 L.Ed.2d 576 (1989). Similarly, Blanchard presented no proof of inability to pay a fine other than relying on the presentence report which seems to support defendant's contention in this regard.

Blanchard's indigency for appointed counsel had been determined at an earlier hearing at which time the court appointed a lawyer for the defendant. The effect of what the court did was to require "to some extent, at least" the defendant indirectly to pay his attorney's fees, or a portion thereof, in the form of an assessed fine.

■ Nevertheless, the standard for requiring the defendant to pay counsel out of his funds is different from the standard for imposing fines. Section 3006A(f) of Title 18 requires the court to find that "funds are available for payment from or on behalf of a person furnished representation" before it can direct such payment to pay attorney's fees. Contrast that to U.S.S.G. § 5E1.2, which puts the burden on the defendant to show not only that he cannot presently pay the fine but he is not likely to become able to pay it. The presentence report concluded that defendant was not *then* able to pay a fine, but it made no conclusion regarding defendant's future ability to pay. Therefore, when there was no proof by defendant on his likelihood to regain his earning capacity, the district court had the duty to impose some fine. U.S.S.G. § 5E1.2(a). The fine imposed here was within the range under the guidelines.

**AFFIRMED.**