34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Angel PRESUMIDO-GOMEZ, Defendant-Appellant.
 No. 93-50841.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Angel Presumido-Gomez appeals the district court's order that he pay $115,000 in restitution to the United States Department of Agriculture pursuant to his guilty plea to three counts of unlawful redemption of food stamps in violation of 7 U.S.C. Sec. 2024(c). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Restitution orders are authorized by the Victim and Witness Protection Act of 1982, 18 U.S.C. Secs. 3663, 3664. In determining whether to order restitution and the amount of restitution, a sentencing court considers "the amount of the loss sustained by any victim as a result of the offense, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." Id. Sec. 3664(a).
 
 
 4
 We review for abuse of discretion a sentence that falls within the statutory limits of the Act. United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993). The sentencing court must consider the factors set forth in Sec. 3664(a), but is not required to make findings of fact or to discuss the factors on the record. Id. (citations omitted). We simply require that the record reflect that the district judge had access to information bearing on the section 3664 factors and that the judge gave thought to the relevant information. Id. Specifically, the record must reflect some evidence that "the defendant may be able to pay restitution in the amount ordered in the future." United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993).
 
 II
 
 5
 The record reflects that the district judge considered that the scheme in which Presumido was involved resulted in a total loss to the government of well over two million dollars. The district court also accepted Presumido's contention that he had received a commission of only five percent of the face value of the coupons he cashed, or approximately $115,000. In addition, the district judge had at his disposal information bearing on Presumido's financial resources. Such information included the fact that Presumido was gainfully employed as a real estate agent in the years leading up to his arrest, that he had an offer from his employer to return to work following his release from prison, and that he had not accounted for the $115,000 he recovered from the food stamp fraud. The court also was aware that Presumido could face deportation after his incarceration.
 
 
 6
 There is evidence in the record that Presumido may be able to pay the restitution in the future. Moreover, if at the end of his incarceration Presumido makes a good faith effort to comply with the restitution order, but is unable to do so, "there is every likelihood that a remittitur order will be granted against the balance due." United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.), cert. denied, 479 U.S. 963 (1986). The district court properly based the restitution order on a consideration of the relevant factors and made no clear error of judgment. See id. We find no abuse of discretion. Accordingly, the district court's restitution order is
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3