42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul J. JENNINGS, Defendant-Appellant.
 No. 93-4292.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Paul J. Jennings pled guilty to multiple counts of extortion and one count of money laundering in violation of 18 U.S.C. Secs. 1951 and 1957. On appeal, defendant contends (1) that the District Court did not use the appropriate section of the United States Sentencing Guidelines ("U.S.S.G") to compute his sentence; (2) that the District Court should have grouped all his counts together for sentencing purposes; (3) that his plea was not knowing and voluntary with respect to the restitution order; (4) that the District Court improperly denied him an additional point reduction for acceptance of responsibility; and (5) that the District Court did not properly calculate his sentence pursuant to his plea agreement. For the following reasons, we affirm.
 
 I.
 
 2
 Between October, 1988 and November, 1991, defendant extorted approximately $1,950,211 from four vendors who did business with the Edward J. DeBartolo Corporation. Defendant, an employee of the Edward J. DeBartolo Corporation, threatened to terminate the corporation's business with the vendors unless they provided kickbacks to defendant. On December 22, 1992, defendant was charged in a thirteen count indictment with extortion and money laundering in violation of 18 U.S.C. Secs. 1951 and 1957. On July 24, 1993, a superseding indictment set forth the same substantive charges.
 
 
 3
 On August 23, 1993 defendant pled guilty to counts 1, 2, 4, 7, and 10 of the indictment. Counts 1, 4, 7, and 10 charged defendant with extortion in violation of 18 U.S.C. Sec. 1951. Count 2 charged defendant with money laundering in violation of 18 U.S.C. Sec. 1957. Defendant's plea agreement stated that Count 1 and Count 2 would be grouped together for sentencing purposes, that defendant's base offense level would be determined using U.S.S.G. section 2B3.3, and that the government would recommend that defendant's offense level be reduced by two levels for acceptance of responsibility. The plea agreement also stated that the determination of the amount of money defendant extorted, as well as defendant's role in the offense, would be left to the District Court. Subsequently, defendant and the government stipulated to the amount of funds extorted. The stipulation reserved defendant's right to request a set-off for amounts paid to his co-defendants.
 
 II.
 
 4
 Defendant first argues that the District Court did not use the appropriate section of the Sentencing Guidelines to calculate defendant's base offense level. Specifically, he argues that the District Court should have used section 2B4.1, entitled "Bribery in Procurement of Bank Loan and Other Commercial Bribery" instead of section 2B3.3, entitled "Blackmail and Similar Forms of Extortion." Defendant's argument is without merit. Defendant's plea agreement specifically stated that section 2B3.3 would be used to determine his base offense level. Furthermore, according to U.S.S.G. Appendix A, which lists the sentencing sections that should ordinarily be used for specific statutory violations, section 2B4.1 is not an appropriate option for a violation of 18 U.S.C. Sec. 1951.
 
 
 5
 Second, defendant argues that the District Court should have grouped all of his offenses together for sentencing purposes pursuant to U.S.S.G. section 3D1.2(b). Although the District Court grouped Count 1 and Count 2 together, the remaining counts were considered separately. Section 3D2.1(b) provides that counts should be grouped together if they involve "the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." U.S.S.G. Sec. 3D1.1(b) (Nov. 1992). Defendant argues that the primary victim of his scheme is the Edward J. DeBartolo Corporation. During defendant's plea hearing, however, defendant's counsel stated that "the DeBartolo Corporation is not a victim." Joint App. at 75. The District Court found that there were five victims: the Edward J. DeBartolo Corporation and the four vendors from whom defendant extorted money. This finding is not clearly erroneous. Section 3D1.1(b), therefore, is inapplicable.
 
 
 6
 Third, defendant argues that his plea was not knowing and voluntary with respect to the restitution order. Defendant argues that although he understood that the District Court could order restitution, he did not understand that the amount of restitution could affect his sentence as a result of enhancements to his base offense level.
 
 
 7
 A guilty plea must be knowing and voluntary, and a defendant must be informed of the consequences of his guilty plea. See Brady v. United States, 397 U.S. 742, 749-755 (1970). These requirements were met in defendant's case. During defendant's plea hearing, the District Court made sure that defendant understood the maximum penalties for the counts to which he pled guilty, that restitution could be ordered, and that the District Court was required to consider applicable sentencing guidelines. We reject defendant's argument that a district court must inform a defendant of all the factors that may affect his sentence pursuant to the Sentencing Guidelines.
 
 
 8
 Fourth, defendant argues that the District Court improperly denied him an additional one point reduction for acceptance of responsibility. Section 3E1.1(b) provides for an additional one point reduction for acceptance of responsibility in certain circumstances if defendant either timely provided the government with complete information regarding his involvement with the offense or timely notified the government of his intention to enter a guilty plea. U.S.S.G. Sec. 3E1.1(b) (Nov. 1992). Pursuant to the plea agreement, the District Court granted defendant a two point reduction for acceptance of responsibility but denied defendant the additional one point reduction.
 
 
 9
 "A guilty plea does not entitle a defendant to a reduction based on acceptance of responsibility as a matter of right." United States v. Lassiter, 929 F.2d 267, 270 (6th Cir.1991). A district court's determination of acceptance of responsibility is a finding of fact that is subject to review for clear error. See United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992). In the case at hand, the District Court's determination is supported by the record. The plea agreement was not entered until one week before trial was set to begin, and the government raised questions about the value of the information that defendant gave the government before the plea agreement. We, therefore, conclude that the District Court's determination was not clearly erroneous.
 
 
 10
 Finally, defendant argues that the District Court improperly calculated defendant's sentence. The District Court's original Judgment and Commitment Order incorrectly stated that the Court granted a two level reduction, rather than a two level increase, based upon defendant's role in the offense. The District Court subsequently amended the Judgment and Commitment Order to correct the error. Defendant's argument, therefore, is without merit.
 
 III.
 
 11
 Accordingly, we AFFIRM the District Court's judgment.
 
 
 
 *
 The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation