45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nikki CHOMAKOS, Defendant-Appellant.
 No. 93-2377.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1994.
 
 Before: RYAN and SILER, Circuit Judges; and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal of a sentence imposed after the defendant entered a plea of guilty to a one count information charging bank fraud in violation of 18 U.S.C. Section 1344.
 
 
 2
 The information charged the defendant-appellant with devising a scheme to defraud First Federal Savings Bank and Trust in Pontiac, Michigan. The defendant received a $1.4 million dollar construction loan from First Federal for the renovation and conversion of a health club into an office building. As a condition to receiving the loan proceeds, the defendant was required to submit signed and sworn statements listing to whom the money was to be paid and for what purpose. The information alleged that the defendant's statements were false and the money that she received was not applied to the construction project in keeping with the terms and purpose of the loan.
 
 
 3
 Initially, the parties anticipated in the context of a plea agreement that the defendant would be sentenced at an offense level of 14 with a criminal history category of I for a sentencing range of 15-21 months.
 
 
 4
 The initial plea agreement provided for six levels for the base offense level of bank fraud, an additional eight levels for the amount of the fraud as between $500,000 and $1,000.000 and an additional two levels for more than minimal planning minus two levels for acceptance of responsibility. At sentencing before Judge Rosen and during the defendant's allocution, she challenged the amount of money involved and also offered an explanation of her conduct that suggested to Judge Rosen that the defendant may not have had the requisite criminal culpability for the crime of bank fraud. He cautioned the defendant to tell the truth and then continued the sentencing hearing.
 
 
 5
 Following the second sentencing hearing, the government was prepared to present additional witnesses to contradict the defendant's testimony. At the start of the subsequent hearing on October 1, 1993, the defendant agreed to a resolution of the sentencing dispute which she had initiated by agreeing to an enhancement of the sentencing guideline calculation of two levels for obstruction of justice. Before proceeding with the defendant's sentence, Judge Rosen addressed the defendant and advised her as follows:
 
 
 6
 The government was prepared to bring in 22 witnesses, and Miss Reynolds advised me and Mr. Berlanger that each of those witnesses was going to materially disagree with your testimony, and in particular, specific allegations and statements that you made in your testimony. However, if you wish to proceed with the hearing, you're entitled to do that. Otherwise, you can amend the Rule 11 agreement, as Mr. Berlanger indicated, to add two additional points for obstruction of justice, based on your perjury, based on perjury in the previous hearing, and that will change your sentence--it will change your guideline range from 18 to 21 months to 21 months to 27 months and you will be sentenced within that range. You understand that?
 
 
 7
 The defendant indicated that she did understand and agreed to the enhancement. Joint Appendix, pages 196-197.
 
 
 8
 The subsequent addition of an additional two levels for obstruction of justice increased the adjusted offense level to sixteen after deducting two levels for acceptance of responsibility. During the final sentencing hearing, the defendant did not contend, as she does now, that she was entitled to a three level reduction for acceptance of responsibility.
 
 
 9
 On appeal, the defendant contends that she should have been accorded a three rather than two level reduction for acceptance of responsibility by reason of the November 1, 1992 amendment to the Sentencing Guidelines which for the first time allowed a three level reduction for acceptance of responsibility when the total offense level reached 16. See U.S.S.G. Sec. 3E1.1(b). However, the defendant was sentenced pursuant to the provisions of the Sentencing Guidelines effective June 15, 1988. Those Guidelines called for an increase of eight levels for the amount of money involved in the bank fraud in contrast to the 1992 Guidelines which called for an additional ten levels. It is well established that a defendant is not entitled to pick and choose between the annual editions of the Sentencing Guidelines. United States v. Stephenson, 921 F.2d 438 (2nd Cir.1990); United States v. Milton, 27 F.3d 203, 210 (6th Cir.1994); U.S. v. Springer, 28 F.3d 236, 237-38 (1st Cir.1994); U.S.S.G. Sec. 1B1.11(b)(2). In sum, the defendant's challenge to the sentence based on the failure of the district court to grant a three level reduction for acceptance of responsibility is without merit.
 
 
 10
 The defendant also challenges the restitution order requiring repayment to the Resolution Trust Company of $750,000. The defendant had earlier entered into a consent judgment in Bankruptcy Court to pay that amount. She now contends on appeal that she does not have the assets or capability to pay such an amount of restitution. No such claim was advanced by the defendant at the time of sentencing. The burden is on the defendant to prove a lack of financial resources, and even indigency is not necessarily a bar to an order of restitution. United States v. Blanchard, 9 F.3d 22 (6th Cir.1993). The challenge to the district court's order of restitution is denied.
 
 
 11
 Finding no error in the deliberate and careful manner in which Judge Rosen handled the sentencing of the defendant, the sentence is AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation