85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul J. JENNINGS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-4113.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1996.
 
 Before: MARTIN, JONES, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Paul J. Jennings, a federal prisoner proceeding pro se, appeals a district court order dismissing his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jennings pleaded guilty to four counts of extortion in violation of 18 U.S.C. § 1951 and one count of money laundering in violation of 18 U.S.C. § 1957. He was sentenced on November 16, 1993, to 41 months of imprisonment followed by three years of supervised release, and was ordered to pay $885,951 in restitution. Jennings's conviction and sentence were affirmed on direct appeal. See United States v. Jennings, No. 93-4292, 1994 WL 677681 (6th Cir. Dec. 12, 1994) (per curiam).
 
 
 3
 In his motion to vacate, Jennings argued that the district court improperly ordered restitution without making specific findings regarding his ability to pay. As cause for his failure to raise this issue on direct appeal, Jennings claimed ineffective assistance of appellate counsel. The district court dismissed the motion in an order filed on September 6 and entered on September 7, 1995, stating that it had considered the appropriate factors as called for by 18 U.S.C. § 3664(a) and that specific findings regarding ability to pay were not required. On appeal, Jennings reasserts the same argument presented to the district court.
 
 
 4
 Upon review, we affirm the district court's order. The denial of a § 2255 motion is reviewed de novo on appeal, with the district court's factual findings reviewed for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To warrant relief, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Gall, 21 F.3d at 109. In addition, Jennings must show cause and prejudice that would excuse the failure to raise his current claim on direct appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 5
 Jennings has established neither cause nor prejudice to excuse his omission. To establish cause, he must demonstrate that he was prevented from raising the claim on direct appeal by an objective factor that was external to a constitutionally adequate defense. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Attorney error rising to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), may constitute cause. That test requires a showing that counsel's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense so as to render the proceedings unfair and the result unreliable. Id. at 687. However, appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant, Jones v. Barnes, 463 U.S. 745, 751 (1983), and tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel. United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). Indeed, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486-87. Thus, Jennings has not shown cause for failing to raise this ground for relief on direct appeal.
 
 
 6
 Jennings has also failed to establish prejudice because the issue advanced by him is wholly meritless. The district court adequately complied with 18 U.S.C. § 3664(a) and did not abuse its discretion in ordering restitution. See United States v. Blanchard, 9 F.3d 22, 24 (6th Cir.1993). Where no objection was made to the order of restitution at sentencing, as in this case, we review the district court's order for plain error. See United States v. Hall, 71 F.3d 569, 573 (6th Cir.1995).
 
 
 7
 In determining whether to order restitution, the sentencing court must consider the loss suffered by the victim, the resources of the defendant, the financial needs and earning ability of the defendant and his dependants, and other factors the court deems appropriate. 18 U.S.C. § 3664(a); USSG § 5E1.1; United States v. Bondurant, 39 F.3d 665, 668 (6th Cir.1994). The government bears the burden of proving the victim's loss and the defendant bears the burden of demonstrating his own financial needs and resources. Bondurant, 39 F.3d at 668. Moreover, the defendant's indigency is not a bar to an order of restitution. Id.; United States v. Milligan, 17 F.3d 177, 184 (6th Cir.), cert. denied, 115 S.Ct. 211 (1994).
 
 
 8
 Jennings argues that, although the presentence investigation report (PSI) contained information regarding his financial condition and ability to pay, the district court erred by failing to make specific findings regarding these and other factors. This argument is unpersuasive. The sentencing court is not required to make explicit factual findings, and it may be inferred that the court took the appropriate factors into account where they were discussed in the PSI. Hall, 71 F.3d at 573-74; Blanchard, 9 F.3d at 24-25. The district court clearly considered the appropriate factors as discussed in Jennings's PSI and stated in its judgment that it adopted the PSI's factual findings with two exceptions not relevant to this appeal. Thus, the district court complied with § 3664(a), there is no plain error, and Jennings's argument fails.
 
 
 9
 Accordingly, the district court's order, entered on September 7, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.