97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas FULFORD, Jr., Defendant-Appellant.
 No. 95-4309.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1996.
 
 Before: KEITH, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, Thomas Fulford was named in a two count indictment charging him with unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). Fulford eventually entered a plea of guilty to both counts. The court accepted the pleas and the case proceeded to sentencing. The court sentenced Fulford and this appeal followed.
 
 
 3
 Counsel for Fulford filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Fulford was served with this motion and a copy of the brief on March 12, 1996 and was invited to respond. See Freels v. Hills, 843 F.2d 958, 961 & n. 3 (6th Cir.), cert. denied, 488 U.S. 997 (1988). Fulford chose not to respond.
 
 
 4
 On June 15 and 20, 1995, Fulford entered two different banks in Cleveland and presented a teller with a handwritten note. The note read "This is a hold-up. You will be the first to die!" This notation was accompanied by a drawing of a pistol. Each teller gave Fulford an amount of cash and he left without incident. Fulford turned himself in to the authorities and pleaded guilty without a formal plea agreement. The court awarded Fulford a 1 level reduction in his base offense level for acceptance of responsibility but added 2 levels because Fulford used an express threat of death to accomplish the crimes. The court calculated Fulford's base offense level as 23 and his criminal history category as I. The court sentenced Fulford to an aggregate 48 month term of imprisonment from the 46-57 month range. In addition, the court imposed a monetary fine of $2,041.95 and restitution in the amount of $4,300.
 
 
 5
 Counsel for Fulford sets forth three arguable issues in recognition of her duty under Anders: 1) Whether the notes used in the bank robberies were "express threats of death" within the meaning of the guidelines; 2) Whether the imposition of the fine was error; and, 3) Whether the district court erred in failing to effect a downward departure.
 
 
 6
 None of these issues has any merit. USSG § 2B3.1(b)(2) provides for a 2 level increase in the defendant's base offense level if, during the commission of the robbery, an "express threat of death was made." The intent of this provision is "to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery." USSG § 2B3.1, comment. (n. 6). The court concluded that the note Fulford used to facilitate each of the two bank robberies carried an express, direct threat of death within the meaning of this guideline provision ("You will be the first to die!") notwithstanding a possible "cartoonish" quality of the rendering of the pistol. This finding cannot be seriously contested on the facts.
 
 
 7
 Imposition of a fine is mandatory pursuant to USSG § 5E1.2(a) unless the defendant carries his burden to show his inability to pay the fine. United States v. Blanchard, 9 F.3d 22, 25-26 (6th Cir.1993). The sentencing transcript clearly reflects Fulford's representation to the court that he was currently employed and paying his bills and it does not reflect that Fulford made any attempt to demonstrate an inability to satisfy a monetary fine. The imposition of the fine and its terms will not be disturbed.
 
 
 8
 The third arguable issue raised is the failure of the district court to effect a downward departure in recognition that Fulford was under duress to obtain cash to pay drug debts. Counsel does concede, though, that a district court's decision not to effect a downward departure is not cognizable on appeal absent some indication that the court was unaware of its authority to do so. United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S.Ct. 149 (1994). There is no indication of record that the court was acting under any misapprehension concerning its authority under the guidelines in this context.
 
 
 9
 This panel has conducted an independent review of the record and finds that no reversible error mars this conviction and sentence.
 
 
 10
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.