98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Joe MADDOX, Defendant-Appellant.
 No. 94-10466.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest Joe Maddox, in pro per, appeals his sentence after pleading guilty to making false statements to a financial institution in violation of 18 U.S.C. § 1014. He contends the district court erred when it ordered him to: (a) perform 200 hours of community service; and (b) pay $20,000 in restitution. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion. Malone v. United States, 502 F.2d 554, 556 (9th Cir.1974) (probation conditions), cert. denied, 419 U.S. 1124 (1975); United States v. Angelica, 859 F.2d 1390, 1392 (9th Cir.1988) (restitution). We affirm.
 
 
 3
 In 1993, Maddox pleaded guilty to making false statements to a financial institution in 1985. The district court suspended sentence and placed Maddox on probation subject to the conditions that, inter alia, he pay $20,000 in restitution to Union Bank and perform 200 hours of community service in lieu of a fine.
 
 
 4
 Maddox contends the district court erred when it ordered him to perform 200 hours of community service because community service was not part of his plea agreement and he previously had suffered two heart attacks. Maddox also contends the district court erred by ordering him to pay $20,000 in restitution because his debts previously were discharged in bankruptcy proceedings and the district court failed to consider his ability to pay. Maddox did not raise any of these objections in district court. Consequently, we decline to address them on appeal. See United States v. Cloud, 872 F.2d 846, 857 (9th Cir.), cert. denied, 493 U.S. 1002 (1989); see also United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.) (defendant may petition later for remittitur if unable to pay full amount of restitution), cert. denied, 479 U.S. 963 (1986).
 
 
 5
 Because the restitution orders of his codefendants were vacated by this court in United States v. Baker, 25 F.3d 1452 (9th Cir.1994), Maddox contends that his restitution order also must be vacated. In Baker, 25 F.3d at 1455, this court remanded to the district court to determine what entity suffered the loss from defendants' conduct. As it is now apparent from the district court record that the entity to which defendants owe their obligations has not changed, we affirm the district court's order of restitution.
 
 
 6
 We decline to address Maddox's ineffective assistance claim. See United States v. Sitton, 968 F.2d 947, 960 (9th Cir.1992) (ineffective assistance of counsel claims generally should be raised by 28 U.S.C. § 2255 motion), cert. denied, 507 U.S. 929 (1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3