**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joseph F.M. VENTURA, Defendant—
Appellant.**

**No. 02–10424.**

**D.C. No. CR–97–05233–1–REC.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 26, 2003.

Decided March 28, 2003.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM*

The Victim Witness Protection Act, 18 U.S.C. § 3664, does not prohibit the imposition of a restitution order upon a defendant who is indigent at the time of sentencing. *United States v. Ruffen,* 780 F.2d 1493, 1495 (9th Cir.1986). However, we have also held that "at the time restitution is ordered the record must reflect some

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence the defendant may be able to pay restitution in the amount ordered in the future." *United States v. Ramilo*, 986 F.2d 333, 336 (9th Cir.1993). No such evidence is present here. While the district court had evidence of and explicitly considered Ventura's ability to pay, it did not acknowledge that Ventura will be unable to pay more than a minimal amount toward restitution, and that there is no indication his circumstances will change in the future. "It is vital to the success of rehabilitation that the restitution obligation imposed upon the defendant ... be one the defendant is capable of satisfying." *Id.* We therefore remand to the district court to enter a restitution order consistent with what the record reflects with respect to Ventura's present and future ability to pay.

REVERSED AND REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.