**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Douglas LINCOLN, Defendant–**
**Appellant.**

**No. 01–30027.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2001

Filed Jan. 16, 2002

Michael S. Taggart, Assistant Federal Defender, Anchorage, Alaska, for the defendant-appellant.

Mary C. Geddes, Assistant Federal Defender, Anchorage, Alaska, for the defendant-appellant.

Kevin R. Feldis, Assistant U.S. Attorney, Anchorage, Alaska, for the plaintiff-appellee.

Before: KLEINFELD and GOULD, Circuit Judges, and ROLL, District Judge.[1]

---

1. The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

ROLL, District Judge:

Defendant Douglas Lincoln appeals from a sentence imposed by the district court requiring him to pay restitution to the United States Post Office pursuant to the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A. Because the United States Post Office can be a victim under the MVRA, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Lincoln was the Postmaster of the United States Post Office in White Mountain, Alaska, from 1998–1999. Between January and November 1999, Lincoln stole and falsified eighty-two postal money orders worth approximately $41,490.25. As a result of these thefts, the United States Post Office sustained a loss of $24,507.43.

Lincoln pled guilty to the theft of postal money orders from the United States Post Office in violation of 18 U.S.C. § 500. At the sentencing hearing, Lincoln argued that mandatory restitution pursuant to the MVRA did not apply to his case because the government was not an eligible "victim" under the act.[2]

The district court concluded that the term "victim" as used in the MVRA included the United States government. Lincoln was sentenced to four months imprisonment, a three year period of supervised release, and was ordered to pay $24,507.43 in restitution to the United States Post Office pursuant to the MVRA.

## ANALYSIS

On appeal, Lincoln argues that the MVRA's mandatory restitution provision does not encompass the United States because the act defines a "victim" as a "person" and the government is not a "person."

This precise issue has not been previously decided by this Court.

■ A district court's construction or interpretation of a statute is reviewed de novo. *See United States v. Kaluna,* 192 F.3d 1188, 1192 (9th Cir.1999) (en banc) (three-strikes law).

■ The MVRA provides that the court shall order a defendant to "make restitution to the victim of the offense. . . ." 18 U.S.C. § 3663A(a)(1). The MVRA states that "the term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered. . . ." 18 U.S.C. § 3663A(a)(2). Congress enacted the MVRA as a supplement to the Victim Witness Protection Act (VWPA), 18 U.S.C. § 3663. Prior to 1990, the VWPA did not define the term "victim." *See* 18 U.S.C. § 3663(a) (1990). However, in November of 1990, Congress amended the VWPA to define the term "victim" to mean "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." Crime Control Act of 1990, Pub. L. No. 101–647, § 2509, 104 Stat. 4863. Congress amended the VWPA's definition of "victim" a second time in 1996 when it adopted the MVRA and § 3664(i)'s enforcement procedure. *See* Antiterrorism Act of 1996, Pub. L. No. 104–132, §§ 205–206, 110 Stat. 1230, 1235. The 1996 amendment is the most current definition of "victim" and provides, in pertinent part, that a "victim" is "a person directly and proximately harmed as a result of the commission of an offense. . . ." 18 U.S.C. § 3663(a)(2). The VWPA and the MVRA define the term "victim" identically. *See* 18 U.S.C. § 3663A(a)(2).

The most compelling indication that the MVRA authorizes mandatory restitution to

---

**2.** Lincoln also argued that discretionary restitution was inappropriate because he was of limited financial means. However, the district court ruled that because the MVRA applied, Lincoln's discretionary restitution argument was moot.

the government is found in the "Procedure for issuance and enforcement of order of restitution" of the MVRA. *See* 18 U.S.C. § 3664. In pertinent part, § 3664(i) states that "[i]n any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution." Congress adopted the enforcement provision at the same time it adopted the MVRA.

Case law also supports this position. In *United States v. Ruffen,* 780 F.2d 1493 (9th Cir.), *cert. denied,* 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986), this Court rejected Ruffen's argument that the Alameda County Social Services Agency could not be a "victim" under the VWPA. Ruffen contended that "the VWPA was designed to protect human victims of crime rather than a governmental entity." *Id.* at 1496. This Court ruled that "Alameda County is a victim capable of receiving restitution under the VWPA," that "the government 'stands in the shoes' of the taxpayers," and that "there are human victims of this crime— taxpayers—who were defrauded out of revenue which they had paid to the government." *Id.* (citations omitted). *See also United States v. Martin,* 128 F.3d 1188, 1190–91 (7th Cir. 1997) (holding that the Illinois Dept. of Public Aid was a "victim" under the VWPA and citing other cases with similar holdings).

Lincoln attempts to distinguish *Ruffen* because *Ruffen* was decided before the 1990 amendment to the VWPA. However, in *United States v. Jackson,* 982 F.2d 1279, 1282 (9th Cir.1992), which involved the VWPA's amended definition of "victim" as "any person," this Court held that the VWPA "construes the term 'victim' broadly" and concluded that the Internal Revenue Service was a "victim" for purposes of the VWPA. Presumably, when Congress changed the definition of "victim" in 1996,

it was aware of case law interpreting the amended 1990 version of the VWPA to include the United States. Because Congress did not amend the definition to exclude the United States, it may be inferred that Congress adopted the judiciary's interpretation. *See Lorillard v. Pons,* 434 U.S. 575, 580, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change....").

## CONCLUSION

The MVRA's definition of "victim" includes the United States government. The district court's sentencing order requiring Lincoln to pay $24,507.43 in mandatory restitution to the United States Post Office is affirmed.

AFFIRMED.