**UNITED STATES of America, Appellee,**

v.

**Emaeyek EKANEM, Defendant–Appellant.**

No. 03–1615.

United States Court of Appeals, Second Circuit.

Argued: Aug. 24, 2004.

Decided: Sept. 3, 2004.

Yuanchung Lee, The Legal Aid Society, New York, NY, for Defendant–Appellant.

Glen G. McGorty, Assistant United States Attorney (Jonathan S. Abernethy, Celeste L. Koeleveld, Assistant United States Attorneys, of counsel; David N. Kelley, United States Attorney for the Southern District of New York, on the

brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Before: CABRANES, STRAUB, and WESLEY, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Defendant Emaeyek Ekanem appeals from a judgment of conviction and sentence entered on October 10, 2003, in the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge* ). We consider here only defendant's contention that the District Court lacked authority to order restitution to the United States Department of Agriculture ("the Government") under the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A ("MVRA"), and we hold, as a matter of first impression in this Circuit, that the Government fits within the meaning of "victim" under the MVRA. Accordingly, we affirm the order of restitution. In a summary order filed contemporaneously with this opinion, we address all other issues raised in this appeal.

1. We outline only those facts necessary to address the restitution issue.

2. 18 U.S.C. § 641 provides, in relevant part:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

Shall be fined under this title or imprisoned not more than ten years, or both . . . .

3. 18 U.S.C. § 666 provides, in relevant part:

## BACKGROUND [1]

During the time period relevant to the indictment, defendant was the executive director of Hope International, Inc. ("Hope"), a not-for-profit organization that ran various programs in the Bronx and in Africa. One of Hope's programs was to act as a sponsoring organization for private child care providers seeking reimbursement from the United States Department of Agriculture's Child and Adult Care Food Program ("CACFP") for meals the providers served to the children in their care. As a sponsoring organization, Hope, on a monthly basis, collected the child care providers' receipts, forwarded the receipts and other paperwork to CACFP, received funds from CACFP, and then issued reimbursement checks to the providers. [Blue Br. at 4–7; Red Br. at 2–4]

By superseding indictment filed in February 2003, defendant was charged with one count of embezzlement of CACFP funds, in violation of 18 U.S.C. § 641,[2] and one count of intentional misapplication of the same federal funds, in violation of 18 U.S.C. § 666.[3] [A11–12] In March 2003,

(a) Whoever, if the circumstance described in subsection (b) of this section exists—
(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—
(A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that-
(i) is valued at $5,000 or more, and
(ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; or
(B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or

defendant pleaded guilty, without a plea agreement, to both counts, and he admitted to the District Court that the amount of federal funds he misused was $85,000. [A23] As part of his sentence, the Court ordered defendant to make restitution to the Government in that amount pursuant to the MVRA, to compensate the Government for the misapplied funds. [A368]

## DISCUSSION

■ On appeal, defendant argues that the District Court lacked authority under the MVRA to order restitution to the Government, on the basis that the Government is not a "victim" within the meaning of the MVRA. Defendant contends that the MVRA's definition of "victim"—as "a *person* directly and proximately harmed," 18 U.S.C. § 3663A(a)(2) (emphasis added)—is controlled by the definition of "person" contained in the Dictionary Act, 1 U.S.C. § 1,[4] which generally excludes governmental entities, *see United States v. United*

*Mine Workers*, 330 U.S. 258, 275, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

We review *de novo* the District Court's interpretation of the MVRA to include the Government as a victim, *see, e.g., Perry v. Dowling*, 95 F.3d 231, 235 (2d Cir.1996) (*de novo* review for issues of statutory interpretation), which is a question of first impression for this Court.

The MVRA provides for mandatory restitution to the victims of certain identified offenses, including, as relevant here, offenses against property. *See* 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii).[5] The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* § 3663A(a)(2). As the Government concedes, this definition does not explicitly identify the Government as a possible victim.

■ But the meaning of "victim" under the MVRA, contrary to defendant's posi-

---

agency involving anything of value of $5,000 or more; or

(2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;

shall be fined under this title, imprisoned not more than 10 years, or both.

(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

4. The relevant portion of the "Dictionary Act" provides:

In determining the meaning of any Act of Congress, unless the context indicates oth-

erwise ... the words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals ....

1 U.S.C. § 1.

5. 18 U.S.C. § 3663A, entitled "Mandatory restitution to victims of certain crimes," provides in relevant part:

(a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

....

(c)(1) This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense ... (A) that is ... (ii) an offense against property under this title, ... including any offense committed by fraud or deceit ....

tion, is not controlled by the default definition of "person" in the Dictionary Act—which excludes the Government—because that definition does not apply if "the context [of a particular statute] indicates otherwise," 1 U.S.C. § 1; *see also Rowland v. California Men's Colony,* 506 U.S. 194, 199–200, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (defining "context" as used in the Dictionary Act to mean "the text of the Act of Congress surrounding the word at issue, or the texts of other related congressional Acts" and also recognizing that the "very reference to contextual 'indication' bespeaks something more than an express contrary definition"). For the reasons stated below, we conclude that the context of the MVRA indicates otherwise, so that the term "victim" as used in that statute is not limited by the default definition of "person" in the Dictionary Act but instead includes the Government.

We first note that the enforcement provisions of the MVRA, contained in 18 U.S.C. § 3664, recognize the Government as a possible victim. Section 3664(i) states: "In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution." 18 U.S.C. § 3664(i). Although § 3664 applies to all cases in which restitution is ordered—not only those cases in which the MVRA requires restitution—nothing indicates that Congress intended two different meanings when it used the same word in §§ 3663A and 3664(i)—related provisions adopted at the same time and codified in serial sections in the United States Code. *See* MVRA, Pub.L. No. 104–132, Title II, Subtitle A, §§ 204, 206, 110 Stat. 1227, 1227–29, 1235 (1996) (codified at 18 U.S.C. §§ 3363A, 3664 (1996)); *cf. Bailey v. United States,* 516 U.S. 137, 145–46, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (relying on the presumption against congressional use of su-

perfluous words to conclude that "Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning"). Moreover, to read the term "victim" as used in the MVRA to not include the Government, we would have to conclude, contrary to a well-established canon of statutory construction, that § 3664(i)'s reference to the United States as a victim—a provision otherwise having meaning—is nevertheless meaningless with respect to restitution enforced by § 3664 but required by the MVRA. *See Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249–50, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985) (noting "the elementary canon of construction that a statute should be interpreted so as not to render one part inoperative" (internal citation and quotation marks omitted)).

Another reason to reject defendant's claim is this Court's interpretation of the term "victim" under the Victim and Witness Protection Act, 18 U.S.C. § 3663 ("VWPA"), to include governmental entities. *See United States v. Helmsley,* 941 F.2d 71, 101 (2d Cir.1991) (holding that restitution under the VWPA to the Internal Revenue Service and the State of New York was proper). Our decision in *Helmsley* is relevant because the MVRA was enacted as a supplement to, and amendment of, the VWPA, and, since 1996—when the MVRA was enacted and the VWPA amended—the two statutes have used the same definition of "victim." *See* Pub.L. No. 104–132, Title II, Subtitle A, §§ 204, 205, 110 Stat. at 1228, 1230. Although *Helmsley* concerned an earlier version of the VWPA, which did not define the term "victim," *see* 18 U.S.C. § 3663(a) (1988), "[c]ourts [have] always considered the Government a 'victim' under the VWPA and we can presume that Congress was aware of this interpretation when it enacted the 1996 amendments [under the

MVRA]," *United States v. Martin*, 128 F.3d 1188, 1192 (7th Cir.1997); *id.* at 1191 (collecting cases); *see also United States v. Lincoln*, 277 F.3d 1112, 1114 (9th Cir.2002) ("Presumably, when Congress changed the [VWPA's] definition of 'victim' in 1996, it was aware of case law interpreting the [earlier] version of the VWPA to include the United States.").

Finally, interpretation of the term "victim" under the MVRA to include the Government, as in the VWPA, is consistent with the intent and purpose of the MVRA to expand, rather than limit, the restitution remedy. *See* S.Rep. No. 104–179, at 12 (1995), *reprinted in* 1996 U.S.C.C.A.N. 924, 925 (stating that "[the MVRA] is needed to ensure that the loss to crime victims is recognized, and that they receive the restitution that they are due. It is also necessary to ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim as well as to society."); *id.* at 13, *reprinted in* 1996 U.S.C.C.A.N. at 926 (noting that, since Congress first enacted a general victim restitution statute in 1982, "much progress remains to be made in the area of victim restitution"); *see also Martin*, 128 F.3d at 1190 (observing that restitution in federal criminal law bears "not a history marked by steady congressional erosion, but rather by constant expansion of the restitution remedy"). Various provisions of the MVRA demonstrate this expansive purpose. *See, e.g.*, 18 U.S.C. § 3663A(a)(1) (providing that, for applicable offenses, "the court *shall* order ... that the defendant make restitution to the victim of the offense" (emphasis added)); *id.* § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the *full amount* of each victim's losses ...." (emphasis added)); *see also United States v. Johnson*, 378 F.3d 230, 244–45 (2d Cir.2004) (relying on the "mandatory nature" of the MVRA to

hold that district courts "must ... impose orders of restitution on defendants convicted of crimes identified in the MVRA even if their victims decline restitution"). In view of the purpose of the MVRA and the interpretation of the VWPA's definition of "victim," we agree with the Government that it is "inconceivable that ... Congress somehow meant to exclude the Government as a potential victim under the MVRA when it adopted the definition of 'victim' contained in the VWPA," *Gov't Br.* at 47.

Accordingly, we reject defendant's claim that he should not be ordered to pay restitution to the Government, and we hold that the Government fits within the meaning of "victim" under the MVRA.

### Conclusion

For the reasons stated above, as well as the reasons stated in the accompanying summary order, the judgment of the District Court is affirmed.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104, —— U.S. ——, 125 S.Ct. 11, —— L.Ed.2d ——, 2004 WL 1713654 (U.S. *cert. granted* Aug. 2, 2004) (mem.), and *United States v. Fanfan*, No. 04–105, —— U.S. ——, 125 S.Ct. 12, —— L.Ed.2d ——, 2004 WL 1713655 (U.S. *cert. granted* Aug. 2, 2004) (mem.). Should any party believe there is a special need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and

*Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*