# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3419

_____

United States of America,    *
             *
  Plaintiff - Appellee,   *
             *  Appeal from the United States
v.            *  District Court for the
             *  District of Minnesota.
Arthur Dale Senty-Haugen,  *
             *
  Defendant - Appellant.  *

_____

Submitted: February 13, 2006
Filed: June 8, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

Arthur Senty-Haugen pleaded guilty to five counts of filing false tax claims and one count of conspiracy to defraud the government. See 18 U.S.C. §§ 2, 286, 287. The district court[1] sentenced Senty-Haugen to 57 months in prison and ordered him to pay the Internal Revenue Service (IRS) $71,610.90 in restitution. Senty-Haugen appeals, arguing that the court erred in imposing a four-level enhancement for his role in the offenses and in ordering restitution in favor of the government. We affirm.

_____

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

From 1998 until April 2002, while civilly committed to the Minnesota Sexual Psychopathic Personality Treatment Center and then incarcerated at a Minnesota Department of Correction facility, Senty-Haugen implemented a sophisticated scheme to defraud the IRS by means of two types of false tax claims. Senty-Haugen first created five businesses that were either fictitious or, for tax purposes, a sham and obtained tax identification numbers for the businesses. Using social security numbers obtained on the Internet, he listed deceased individuals as well as himself as employees and later added some of his fellow inmates to the fictitious payrolls.

The first type of fraudulent claims were false IRS Forms 941 filed on behalf of the businesses claiming refunds for monies purportedly advanced to the fictitious employees under the Earned Income Tax Credit (EITC).[2] The second type of fraudulent claims were 29 individual income tax returns filed by or on behalf of 18 alleged employees seeking $67,000 in refunds of wage withholding reflected on false Forms W-2 filed by the fictitious or sham businesses. Before the scheme was uncovered, the IRS paid a total of $71,610.90 to employees and businesses that filed these false claims. At sentencing, the district court imposed a four-level enhancement for Senty-Haugen's role as an organizer or leader of the offenses, see U.S.S.G. § 3B1.1(a), and ordered that he pay the IRS $71,610.90 as mandatory restitution under 18 U.S.C. § 3663A.

The Organizer/Leader Enhancement. The now advisory Sentencing Guidelines provide for a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise

---

[2]The EITC allows low income taxpayers to claim a credit when filing their tax returns. Alternatively, the Internal Revenue Code permits employers to advance their employees the funds to be credited and then apply the advanced funds against the employers' tax liability. See 26 U.S.C. § 3507. Claiming use of this alternative, Senty-Haugen's businesses submitted 23 Forms 941 claiming a total of $130,000 in refunds for EITC advances the businesses never made to the fictitious employees.

extensive." U.S.S.G. § 3B1.1(a). The district court found that Senty-Haugen organized and led a fraud scheme that both involved five or more participants and was otherwise extensive. Either finding is sufficient to uphold the enhancement. See United States v. Blumberg, 961 F.2d 787, 790-92 (8th Cir. 1992). We review findings under § 3B1.1(a) for clear error. United States v. Jagim, 978 F.2d 1032, 1042 (8th Cir. 1992), cert. denied, 508 U.S. 952 (1993).

On appeal, Senty-Haugen argues that the court erred because "there was no evidence he exercised the requisite control or decision making authority over other participants, and he did not receive any profits from their activities." As in Jagim, Senty-Haugen conceived and initiated an extensive tax fraud scheme and then involved other people in the scheme. In applying the five-or-more-participants requirement, a "participant" must be "criminally responsible for the commission of the offense," § 3B1.1, comment. (n.1), but "the defendant need organize or lead only one other participant." United States v. Willis, 433 F.3d 634, 636 (8th Cir. 2006). Here, the plea agreement conclusively established that Senty-Haugen "organized" others involved in the scheme by instructing them how to file false tax returns to profit from the scam. Even if those persons were not "participants" because they were not "criminally responsible" -- a highly dubious proposition given Senty-Haugen's plea of guilty to a conspiracy offense -- the entire scheme was without question "otherwise extensive," and Senty-Haugen was clearly its organizer and leader. Thus, there was no clear error.

Restitution. The Mandatory Victims Restitution Act of 1996 (MVRA) amended the Victim and Witness Protection Act (VWPA) to require that a sentencing court "shall order" the defendant to pay restitution to a "victim" of any covered offense. 18 U.S.C. § 3663A(a)(1). Congress enacted the MVRA to create a "more victim-centered justice system" by increasing the number of restitution orders in federal criminal proceedings. S. Rep. No. 104-179, at 13, 104th Cong., 1st Sess. (1995). Covered offenses include "any offense committed by fraud or deceit."

§ 3663A(c)(1)(A)(ii).  A "victim" is "a person directly and proximately harmed as a result of the commission of an offense . . . including, in the case of an offense that involves as an element a scheme . . . any person directly harmed by the defendant's criminal conduct in the course of the scheme."  § 3663A(a)(2).  Senty-Haugen argues that the district court erred in imposing restitution because the government is not a "person" and therefore may not be a "victim" for purposes of the MVRA.  He cites no case supporting this contention, which raises an issue of law we review *de novo*.  See United States v. Ruff, 420 F.3d 772, 773 (8th Cir. 2005).

The MVRA's definition of "victim" is identical to the earlier VWPA definition.  See 18 U.S.C. § 3663(a)(2).  Although we have never addressed this issue, we have repeatedly affirmed restitution orders payable to various government agencies under the MVRA.[3]  In United States v. Ekanem, 383 F.3d 40, 42-44 (2d Cir. 2004), the Second Circuit expressly rejected Senty-Haugen's argument for three reasons.  First, the court explained, the MVRA's enforcement provision expressly identifies the government as an eligible victim by providing:  "[i]n any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution."  18 U.S.C. § 3664(i).  Second, the court noted the many cases construing the identically worded VWPA definition to include the government as a victim eligible to receive restitution.  See United States v. Martin, 128 F.3d 1188, 1191 (7th Cir. 1997) (collecting cases).  Third, the court explained that construing the word "victim" to include the government is consistent with the MVRA's purpose "to expand, rather than limit, the restitution remedy."  We agree with the Second Circuit's analysis.  Accordingly, we hold that the IRS is an

---

[3]See United States v. Tucker, 419 F.3d 719, 721 (8th Cir. 2005), cert. denied, 126 S. Ct. 1583 (2006); United States v. Reichow, 416 F.3d 802, 804-05 (8th Cir.), cert. denied, 126 S. Ct. 784 (2005); United States v. Vanhorn, 344 F.3d 729, 730 (8th Cir. 2003), cert. denied, 541 U.S. 954 (2004); United States v. Piggie, 303 F.3d 923, 928 (8th Cir. 2002), cert. denied, 538 U.S. 1049 (2003).

eligible victim under the MVRA.  Accord United States v. Quarrell, 310 F.3d 664, 677 (10th Cir. 2002); United States v. Lincoln, 277 F.3d 1112 (9th Cir. 2002).

Senty-Haugen further argues that the district court clearly erred in imposing restitution in the full amount the IRS paid in fraudulent refunds because that amount included monies that Senty-Haugen did not receive.  We disagree.  The MVRA requires restitution "in the full amount of each victim's losses . . . without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A).  In conspiracy cases, the restitution amount includes all harm caused "by the defendant's criminal conduct in the course of the scheme."  § 3664A(a)(2).  Here, the plea agreement established that the IRS's entire loss of $71,610.90 was attributable to Senty-Haugen's criminal conduct.  Awarding that amount as restitution was not clear error.  See United States v. Carruth, 418 F.3d 900, 904 (8th Cir. 2005).

Finally, Senty-Haugen argues that the district court's determination of the amount of restitution without an admission or jury trial violated his Sixth Amendment rights as construed in Blakely v. Washington, 542 U.S. 296 (2004).  We squarely rejected that contention in Carruth, 418 F.3d at 902-04.

The judgment of the district court is affirmed.
_____