**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert GUZMAN, Defendant–Appellant.**

No. 05–50335.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2007 *.

Filed March 15, 2007.

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Daniel S. Linhardt, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Gretchen Fusilier, Esq., Carlsbad, CA, for Defendant–Appellant.

Before: FERNANDEZ, GRABER and IKUTA, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

## MEMORANDUM **

Robert Guzman was convicted of and sentenced for mail fraud. *See* 18 U.S.C. § 1341. He appeals his conviction, one term of supervised release, and the order of restitution. We affirm in part and vacate and remand in part.

(1) Guzman appeals his conviction on the basis that certain evidence should have been suppressed. However, he did not move to suppress that evidence before trial or at all, and has not shown good cause for the failure. Thus, he has waived the issue. *See* Fed.R.Crim.P. 12(b)(3)(C), (c), (e); *United States v. Anderson*, 472 F.3d 662, 668–70 (9th Cir.2006); *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir.2000). We will not consider the issue. *See Wright*, 215 F.3d at 1027.

(2) Guzman asserts that a term of supervised release which precluded him from associating with any person convicted of a felony was not proper. We disagree. It was clearly designed to deter him, to rehabilitate him and to protect the public. *See* 18 U.S.C. §§ 3583(c)–(d), 3553(a)(1), (2)(B)–(D). In fact, it is a standard condition suggested by the United States Sentencing Commission. *See* USSG § 5B1.4(a)(9) (Nov. 1, 1995). Nor did the district court abuse its considerable discretion.[1] Moreover, the issue was not even raised in the district court. *See United States v. Maciel–Vasquez*, 458 F.3d 994, 996 & n. 3 (9th Cir.2006), *petition for cert. filed*, —— U.S.L.W. —— (U.S. Dec. 13, 2006) (No. 06–8427). "Should any difficulty arise on the margin, [he] can always seek clarification from the court." *United*

*States v. Ross*, 476 F.3d 719, 723 (9th Cir.2007).

(3) The Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A, applies to Guzman because his fraudulent scheme extended beyond its effective date. *See United States v. Grice*, 319 F.3d 1174, 1177 (9th Cir.2003) (per curiam). Moreover, under the Act, government agencies can be victims. *See United States v. De La Fuente*, 353 F.3d 766, 773 (9th Cir.2003); *United States v. Lincoln*, 277 F.3d 1112, 1113–14 (9th Cir.2002); *see also United States v. Ruffen*, 780 F.2d 1493, 1496 (9th Cir.1986). However, the district court did not explain its methodology, how it arrived at the value of the loss to the victim, or how its valuation was justified.[2] *See* 18 U.S.C. § 3663A(b)(1)(B); *United States v. Gordon*, 393 F.3d 1044, 1053 (9th Cir. 2004); *United States v. Lomow*, 266 F.3d 1013, 1020 (9th Cir.2001); *United States v. Laney*, 189 F.3d 954, 966 (9th Cir.1999). Thus, we must vacate the restitution order and remand for further proceedings. We decline to limit the district court's discretion to decide what, if any, further presentations of fact and argument it will consider. *See United States v. Matthews*, 278 F.3d 880, 885–86, 889 (9th Cir.2002) (en banc).

AFFIRMED as to the conviction and the supervised release terms. VACATED and REMANDED as to the amount of restitution.[3]

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See United States v. Williams*, 356 F.3d 1045, 1052 (9th Cir.2004).

2. It did indicate that the government's presentation was unsatisfactory.

3. We will not consider the government's suggestion that the prison sentence itself should be revisited and increased. The government did not cross-appeal. *See El Paso Natural*

_Gas Co. v. Neztsosie,_ 526 U.S. 473, 479, 119 S.Ct. 1430, 1434–35, 143 L.Ed.2d 635 (1999).