# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1955

———————

United States of America,       *
      *
         Plaintiff - Appellee,     *
      *    Appeal from the United States
       v.             *    District Court for the
      *    District of Minnesota.
Richard E. Reiss,        *
      *       [UNPUBLISHED]
       Defendant - Appellant.    *

———————

Submitted: May 14, 2007
Filed: May 17, 2007

———————

Before BYE and SMITH, Circuit Judges, and NANGLE,[1] District Judge.

———————

PER CURIAM.

     Richard E. Reiss was convicted of eighty-four counts of aiding and assisting with the preparation of false tax returns in violation of 26 U.S.C. § 7206(2).  At sentencing, the district court[2] applied a four-level leadership enhancement pursuant to U.S. Sentencing Guidelines (U.S.S.G.) § 3B1.1(a).  Reiss appeals three of the

———————

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

district court's evidentiary rulings as well as its imposition of the enhancement. We affirm.

Reiss first challenges the district court's admission of prior bad acts evidence during his jury trial. Such evidence is admissible if: 1) relevant to a material issue; 2) similar in kind and close in time to the crime charged; 3) proven by a preponderance of the evidence; and 4) the potential prejudice does not substantially outweigh its probative value. United States v. Voegtlin, 437 F.3d 741, 745 (8th Cir.), cert. denied, 127 S.Ct. 368 (2006). We review admission of this evidence for an abuse of discretion. United States v. Edelmann, 458 F.3d 791, 809 (8th Cir. 2006).

The district court admitted evidence of civil IRS penalties assessed against Reiss in 1989 and 1990 for overstating deductions on over sixty taxpayers' returns between 1985 and 1987. Reiss argues this evidence was improperly admitted because it did not occur close in time to his charged crimes, was not proven by a preponderance of the evidence, and was prejudicial. We disagree. Although the bad acts occurred eleven to thirteen years prior to Reiss's charged conduct, they involved assessments for overstating deductions, which is identical to much of the charged conduct, see id. at 810 (holding three fifteen-year-old convictions for submitting forged documents were "not too remote in time because of their similarities with the crime charged"), and possessed significant probative value as the assessments put Reiss on notice that overstating deductions violated tax law, see United States v. Fletcher, 322 F.3d 508, 519 (8th Cir. 2003) (holding evidence of prior civil actions arising out of the defendant's provision of tax services was admissible as it "possessed significant probative value, especially with respect to establishing Mr. Fletcher's intent, knowledge, and motive"). In addition, our review of the record indicates there was sufficient evidence for the jury to find by a preponderance that Reiss overstated deductions on returns between 1985 and 1987. Finally, the district court specifically instructed the jury it could not consider the prior bad acts evidence to prove the charged offenses, thus curing any potential prejudice. See United States v. Warfield,

97 F.3d 1014, 1027 (8th Cir. 1996) ("[U]nfair prejudice is unlikely to be found where the district court instructed the jury that the bad acts evidence was not to be used as proof that the defendant committed the charged offense.").

Reiss also challenges the district court's admission of a small claims judgment against him. This judgment, however, arose out of Reiss's preparation of a couple's tax returns in 1998 and 1999 which made up two counts in his indictment. As such, Federal Rule of Evidence 404(b) is not at issue because this is evidence of his charged crimes, rather than his prior bad acts. See United States v. O'Dell , 204 F.3d 829, 833 (8th Cir. 2000) ("Our cases have firmly established that crimes or acts which are 'inextricably intertwined' with the charged crime are not extrinsic and Rule 404(b) does not apply.").

Reiss next argues the district court erred in excluding, as inadmissible hearsay, tapes and a booklet used to market a fraudulent tax pyramid "system" used by many of his clients, which advised them on how to set up a home business to secure various tax deductions. We need not decide this issue, however, because we are satisfied any error was harmless. Our review of the record gives us "reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted." Wood v. Valley Forge Life Ins. Co., 478 F.3d 941, 946 (8th Cir. 2007).

Finally, Reiss argues the district court erred in applying U.S.S.G. § 3B1.1(a) which allows an enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The court found Reiss organized and led a tax fraud scheme which involved five or more participants and was otherwise extensive. We review such findings for clear error. United States v. Senty-Haugen, 449 F.3d 862, 864 (8th Cir. 2006). The evidence showed Reiss conceived and organized a broad tax fraud scheme and then directed his employees to carry it out by preparing and filing false returns using figures he reported. As for whether there were five or more participants, a participant

must be criminally responsible for the offense, but need not be convicted. See U.S.S.G. § 3B1.1 cmt. n.1. Reiss's employees testified they knew they prepared inaccurate and potentially illegal returns and some of his clients testified they knew their returns stated improper deductions. Furthermore, even if the scheme lacked five or more participants, it was easily "otherwise extensive" as it involved dozens of taxpayers, over eighty returns, and a tax loss of $232,226. See Senty-Haugen, 449 F.3d at 864 (holding a tax fraud scheme involving eighteen taxpayers, twenty-nine returns, and a $71,610.90 tax loss was "without question" otherwise extensive). In sum, we cannot find the district court clearly erred in its findings.

For the foregoing reasons, we affirm the district court.

_____