# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 09-2585

_____

United States of America,       *
     *
      Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    Eastern District of Missouri.
Zeuantray Verner Barry,      *
also known as Zoo,      *     [UNPUBLISHED]
     *
      Appellant.      *

_____

Submitted: February 8, 2010
Filed: April 6, 2010

_____

Before RILEY,[1] Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Zeuantray Verner Barry pled guilty to (1) conspiracy to distribute and possess with intent to distribute heroin, ecstasy, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i); and (3) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i).  In his plea agreement, Barry reserved the "right to appeal an adverse finding on his role in the offense."  He does so now.

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

During sentencing, the district court[2] found Barry "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," and applied a four-level enhancement to Barry's offense level pursuant to United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 3B1.1(a). The district court then found Barry's advisory Guidelines range was 168 to 210 months, considered all of the 18 U.S.C. § 3553(a) factors, and sentenced Barry to 168 months imprisonment. Barry appeals his sentence, claiming the district court erred by (1) finding Barry was an organizer or leader in the conspiracy, and (2) failing to consider unwarranted sentencing disparities. We affirm.

"On appeal, a district court's sentence is reviewed for abuse of discretion." United States v. Mosby, 543 F.3d 438, 440 (8th Cir. 2008). Under U.S.S.G. § 3B1.1(a), a four-level sentence enhancement is appropriate "if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." United States v. Branch, 591 F.3d 602, 611 (8th Cir. 2009). "The Government has the burden of proving by a preponderance of the evidence that the aggravating role enhancement is warranted." United States v. Garcia-Hernandez, 530 F.3d 657, 665 (8th Cir. 2008). "We review for clear error the district court's factual findings underlying the imposition of a sentencing enhancement based on the defendant's role in the offense." United States v. Rosas, 486 F.3d 374, 376 (8th Cir. 2007). We review de novo the legal application of the role guideline. See Branch, 591 F.3d at 611.

Barry does not argue the conspiracy involved fewer than five people or was not otherwise extensive. Instead, Barry argues he was a middleman directed by his suppliers and was not an organizer or leader. During Barry's sentencing hearing,

---

[2]The Honorable Catherine D. Perry, now Chief Judge, United States District Court for the Eastern District of Missouri.

James Echols testified that on approximately fifteen occasions, Barry paid Echols cash to transport vehicles to, or pick up vehicles from, specific individuals. Barry sometimes sent Echols with a large amount of cash which Echols exchanged for the vehicles. Barry provided Echols with cash for his expenses and paid for Echols's transportation. Barry directed Echols to use specific methods of travel, such as train or airline, and Barry instructed Echols to stay at specific hotels. The last vehicle Echols transported for Barry was searched by the Drug Enforcement Administration (DEA) and contained five kilograms of heroin. The DEA also conducted a search of Echols's personal vehicle, and located documentation of many occasions Echols transported a vehicle at Barry's direction.

The government presented additional evidence Barry exercised control over other people involved in the conspiracy. However, we need not discuss such other evidence because the Guidelines merely require a showing that Barry controlled one other participant for the enhancement to apply. See, e.g., United States v. Senty-Haugen, 449 F.3d 862, 864 (8th Cir. 2006); U.S.S.G. § 3B1.1 cmt. n.2 ("To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."). The stipulated facts set forth in Barry's plea agreement and several uncontested portions of Barry's presentence investigation report also support the district court's finding Barry was an organizer or leader. The district court did not err in enhancing Barry's sentence for his role in the offense.

Barry further contends "[t]he trial court erred in failing to recognize the disparity in applying the leadership enhancement to Mr. Barry when his suppliers, and the clear leaders in the conspiracy, did not receive similar enhancements." The district court recognized there was evidence Barry had three drug suppliers, but the court had little other information as to the roles of these out-of-town suppliers in the offense. The district court sentenced Barry according to the information the court had in the record, noting not all suppliers are leaders or organizers, and if Barry's suppliers had

a more active role in the conspiracy, the government may be able to obtain more evidence to convict the suppliers of further offenses. The district court found Barry was "the main person here in St. Louis doing what he's doing." The district court thoroughly considered the 18 U.S.C. § 3553(a) factors, and after considering the sentences of other defendants in this case, and other defendants with similar records, concluded, "I do not believe there [are] any unwarranted sentencing disparities [created] by this sentence." See 18 U.S.C. § 3553(a)(6). The district court did not abuse its discretion in its sentencing determination.

We affirm Barry's sentence.

_____