**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edward M. NASH, Defendant–**
**Appellant.**

No. 98–1273.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 25, 1999.

Decided April 28, 1999.

George C. Bush (briefed), Thick & Bush, Saginaw, Michigan, for Defendant–Appellant.

Jacqueline M. Hotz (briefed), Office of the U.S. Attorney, Detroit, Michigan, for Plaintiff–Appellee.

Before: RYAN and GILMAN, Circuit Judges; SARGUS, District Judge.*

GILMAN, Circuit Judge.

Edward M. Nash was convicted for the willful failure to file federal income tax returns, and the presentation of false, fictitious, or fraudulent claims for tax refunds. As part of his sentence, he was ordered to pay various amounts totaling over $200,-000. In an effort to collect on its judgment, the United States filed a request in the Eastern District of Michigan for the issuance of a writ of garnishment against funds that Nash was receiving from the Loan Star Insurance Company. Nash responded by requesting a transfer of venue to the Eastern District of Oklahoma, the district in which he now resides. The district court denied this request and ordered the garnishment. Nash now appeals, claiming that the district court's denial of his request to transfer venue was erroneous as a matter of law. Although we conclude that the district court erred in its denial of Nash's motion to transfer, such error was harmless. We therefore AFFIRM the garnishment order.

*The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

## I. BACKGROUND

Nash spent his professional career as a chiropractor in Michigan. In July of 1992, he began receiving approximately $3,500 per month from Loan Star under his income replacement policy, based on a disabling injury to his hand sustained in September of 1991. He sold his practice in 1993, and moved to Oklahoma shortly thereafter.

In May of 1997, Nash was convicted in the Eastern District of Michigan for the willful failure to file federal income tax returns, a violation of 26 U.S.C. § 7203, and the presentation of false, fictitious, or fraudulent claims for tax refunds, a violation of 18 U.S.C. § 287. The district court sentenced Nash to a total of 36 months in prison. In addition, the court ordered Nash to pay the following: a special assessment in the amount of $200; restitution in the amount of $127,921; a fine in the amount of $100,000; the costs of prosecution in the amount of $3,333.59; the costs of supervision while on supervised release in the amount of $195.30; and the costs of supervision while in community confinement in the amount of $1,183.08.

On June 3, 1997, the government filed a request for the issuance of a writ of garnishment against the Loan Star benefit payments pursuant to 28 U.S.C. § 3205. This writ was filed in the Eastern District of Michigan. On the same date, the clerk's office sent a Notice of Garnishment to Nash that informed him of the above request, and contained the following information:

> [Y]ou are hereby notified that there are exemptions under the law which may protect some of the property from being taken by the Government if Edward M. Nash can show that the exemptions apply ... The exemptions that apply are those of the state which you have resided in the last 180 days ... If you think

you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding be transferred by the court to the Federal judicial district in which you reside.

It is undisputed that Nash resided in Oklahoma when he received this notice.

On June 19, 1997, Nash sent a letter to the district court requesting a transfer of venue to the Western District of Oklahoma, the district in which he then resided. Nash did not claim any exemption from garnishment at the time. This letter was filed with the district court on June 27, 1997, and there appears to have been no further action taken on this matter until January of 1998.

On January 23, 1998, the district court scheduled a hearing to be held on February 25, 1998 in the Eastern District of Michigan to resolve the garnishment action. In response, Nash filed his second request, dated February 4, 1998, for a transfer of venue to the Western District of Oklahoma. In this motion, he claimed for the first time that the Loan Star funds were exempt under Michigan law. On February 11, 1998, the district court denied the request for a transfer of venue, stating that "the garnishment statute itself does not provide for transfer of venue due to defendant's place of residence," and that transfer would be inefficient in this case. The court also denied Nash's exemption claim as untimely.

The clerk's office sent an Amended Clerk's Notice of Garnishment to Nash on February 12, 1998. This notice reiterated Nash's right to request a transfer of venue based on residency and apprised him of the limited exemptions available to him pursuant to 18 U.S.C. § 3613. The following day, the government filed its response to Nash's February 4, 1998 request for change of venue and claim for exemption. This response apparently crossed in the mail with the district court's February 11, 1998 order denying Nash's motion.

A hearing regarding the garnishment was held in the Eastern District of Michigan on February 25, 1998. At the government's expense, Nash was transported from the federal correctional institution in El Reno, Oklahoma to the hearing. The district court concluded that the Loan Star funds were not exempt from garnishment under Michigan law, and ordered that Loan Star make payments to the government until such time as Nash's debt is paid in full, until Loan Star no longer has control of Nash's property, or until further order of the court. Nash does not contest this portion of the judge's order.

The district court also summarily denied Nash's February 4, 1998 request to transfer venue to the Western District of Oklahoma. Nash appealed, claiming that his June 19, 1997 letter requesting a change of venue was timely, that the transfer of venue was mandatory, and that the district court's denial was erroneous as a matter of law.

## II. ANALYSIS

■ The facts in this case are not in dispute. Whether the district court erred in denying Nash's motion to transfer venue to the Western District of Oklahoma is the only legal issue to be resolved. We review the district court's conclusions of law *de novo*. *See United States v. Sawaf*, 74 F.3d 119, 121 (6th Cir.1996).

■ 28 U.S.C. § 3004(b)(2) states in pertinent part as follows: "If the debtor so requests, within 20 days after receiving the notice [of the garnishment proceeding], the action or proceeding in which the writ, order, or judgment was issued *shall* be transferred to the district court for the district in which the debtor resides." (emphasis added). Because the plain language of this statute is mandatory, the district court must grant such a transfer as long as it is made in a timely manner.

■ The garnishment proceeding in this case was filed in the Eastern District of

Michigan on June 3, 1997, and notice of the proceeding was sent to Nash by the court's clerk on the same day. In response, Nash sent a request for a transfer of venue to the district in which he resided, the Western District of Oklahoma. This request was dated June 19, 1997, which is clearly within 20 days of his receipt of the clerk's notice. The statute does not require that the request be *filed* with the district court within 20 days, only that it be *requested* within that time. It is thus irrelevant that Nash's request was not filed with the district court until June 27, 1997. Because Nash's request for a transfer of venue was sent to the district court within 20 days after his receipt of the garnishment notice, the court erred in finding that his notice was untimely. Nash's request should have been granted.

■■■ The government concedes that Nash's request was timely, and that the district court erred in not granting the transfer. It argues, however, that this error was harmless, and therefore does not merit reversal of the garnishment order. According to Rule 52(a) of the Federal Rules of Criminal Procedure, "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." "This court has stated that where an error is not of constitutional dimension, it is harmless unless it is more probable than not that the error materially affected the verdict." *United States v. Toney,* 161 F.3d 404, 410 (6th Cir.1998) (internal citation and quotation marks omitted). In making this determination, we must review the record as a whole. *See id.*

In this case, the district court's error did not affect Nash's substantial rights, and was therefore harmless. Nash's sole claim was that the Lone Star funds were exempt from garnishment under Michigan law. This claim would have been denied regardless of whether the hearing was held in the Eastern District of Michigan or the Western District of Oklahoma. In the first place, 28 U.S.C. § 3205 states that the debtor must make any objections to the garnishment within 20 days of his receipt of the garnishee's answer. The garnishee, Loan Star, filed its answer on June 11, 1997. Nash's exemption claim, however, was not filed until February of 1998, and was therefore untimely.

Secondly, according to the Notice of Garnishment, Nash could only claim an exemption based upon the law of the state in which he had resided for the 180 days preceding the notice. It is undisputed that Nash resided in Oklahoma during this period of time. Nash was therefore precluded from claiming any exemption based upon Michigan law.

Finally, the provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334. Section 6334(c) prohibits a criminal defendant from using state exemptions to protect his assets. *See United States v. Mitchell,* 403 U.S. 190, 205, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971) ("Th[e] language [of § 6334(c) ] is specific and it is clear and there is no room in it for automatic exemption of property that happens to be exempt from state levy under state law."). So even if the court could have considered Nash's claimed exemption based upon Michigan law, such a state exemption is not relevant in the present garnishment proceeding.

There are compelling reasons why the law gives a defendant such as Nash the right to transfer venue to the jurisdiction in which he or she resides. In the interest of justice, courts want to provide criminal defendants with the opportunity for a hearing and do not want to impose an inconvenience or undue financial hardship on them by requiring that they to travel far distances to attend these hearings. *See, e.g., Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) ("[T]he purpose of the section is to prevent the waste 'of time, energy, and

money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" (quoting *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960))).

None of these justifications, however, is applicable to the present case. First, Nash had a hearing during which the district court gave him an opportunity to argue for his claimed exemption. Second, Nash was transported to the hearing at the government's expense, and therefore suffered no financial hardship. Finally, because this case is governed by federal statutory law, the district court in Oklahoma would have applied the same law as was applied by the district court in Michigan. Thus the substantive outcome would have been the same even if the transfer of venue had been granted.

### III. CONCLUSION

For all of the above reasons, the district court's error in denying Nash's request to transfer venue was harmless and does not merit reversal of the garnishment order. We therefore AFFIRM the judgment of the district court.