ROBERT J. JONKER, CHIEF UNITED STATES DISTRICT JUDGE
INTRODUCTION
The government has obtained a writ of execution against Mr. Young's interest in an employer sponsored 401(k) plan to apply against a criminal restitution judgment. Mr. Young filed an Objection, and the Court ordered and received further briefing. After careful review of the record, and for the reasons detailed below, Mr. Young's objection is overruled.
DISCUSSION
Mr. Young pleaded guilty to two counts of embezzlement in violation of 18 U.S.C. § 666(a)(1)(A) and one count of money laundering in violation of 18 U.S.C. § 1957. He was sentenced on January 21, 2000 by the Honorable Robert Holmes Bell to 42 months imprisonment. Restitution was ordered in the amount of $1,862,360.00. After adding interest on unpaid amounts, and crediting approximately $20,000.000 in payments made, the government asserts that the total amount currently owed in restitution, interest, and penalties is over $4.4 million.[1]
On April 27, 2018, the government applied for a writ of execution for approximately $220,000.00 in funds located in Mr. Young's 401(k) Savings Plan. (ECF No. 63). The Clerk of Court issued the writ of execution along with instructions to Mr. Young for filings objections on May 11, 2018. (ECF Nos. 65 & 66). Mr. Young has since filed briefs objecting to the writ *832 based on three overarching arguments. First, he contends that the savings plan is protected from execution under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. Second, Mr. Young argues that the law in Florida, where he now resides, exempts his 401(k) account from execution. Finally, Mr. Young claims that tax penalties for early withdrawal should preclude execution. None of these arguments warrants the relief Mr. Young seeks.
1. ERISA Does Not Preclude the United States from Collecting on the 401(k) Plan.
Mr. Young's argument that the statutory framework of ERISA means the government may not collect on his 401(k) plan is without merit. "[C]ourts have determined that ERISA's anti-alienation provision must 'give way' to other congressional enactments authorizing the collection of debts[.]" United States v. Ibianski , No. 06-51116, 2016 WL 3995939, at *5 (E.D. Mich. July 26, 2016) (citing United States v. Sawaf , 74 F.3d 119, 123-24 (6th Cir. 1996) ). And those circuit courts to have considered the issue have concluded that the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A et seq -the provision under which the restitution order in this case was imposed-supersedes ERISA's anti-alienation provision. Id. (citing United States v. Novak , 476 F.3d 1041, 1048 (9th Cir. 2006) (en banc); United States v. Irving , 452 F.3d 110, 126 (2d Cir. 2006) ; United States v. Hyde , 497 F.3d 103, 107 (1st Cir. 2007) ; and United States v. Hosking , 567 F.3d 329, 334 (7th Cir. 2009) ). The Court finds this authority to be persuasive, and so finds that ERISA's anti-alienation provision does not bar the United States from collecting on Mr. Young's 401(k) plan.
2. Florida Law Does Not Shield the 401(k) Plan From Collection
The MVRA also means Mr. Young cannot succeed on his argument that Florida law, namely Fla. Stat. § 222.21, protects his 401(k) plan from collection by the United States. This is so because the garnishment in this case stems from Mr. Young's federal conviction. As the Sixth Circuit has earlier held:
[T]he provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334. Section 6334(c) prohibits a criminal defendant from using state exemptions to protect his assets.
United States v. Nash , 175 F.3d 440, 443 (6th Cir. 1999) (emphasis added); see also United States v. Rosin , No. 8:05-cr-143, 2010 WL 454933, at *10 (M.D. Fla. Feb. 9, 2010) (citing Nash and other cases and concluding that under " § 3613(a), state exemptions are not applicable in federal enforcement actions seeking to collecting outstanding restitution"). Accordingly, Florida state law exemptions are not relevant to Mr. Young's case.
3. Any Possibility of Tax Liabilities Does Not Prevent the United States from Executing on the 401(k) Plan.
Finally, the Court is not persuaded by Mr. Young's argument that the Court should prevent the execution on the grounds that it might expose him to greater tax liabilities. Even if Mr. Young is correct that execution on the 401(k) will expose him to penalties for early withdrawal, this is no reason to prevent the government from executing on the plan. The rationale of the MVRA is "to ensure that the loss to crime victims is recognized, *833 and that they receive the restitution that they are due. It is also necessary to ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim as well as to society." United States v. Ekanem , 383 F.3d 40, 44 (2d Cir. 2004) (citing S. Rep. No. 104-179, at 12 (1995) ). Mr. Young's 401(k) plan contains funds from which he can pay a portion of the court-ordered restitution. The MVRA directs that the victims of the crimes in this case receive the funds they are owed. See United States v. Claus , No. 10-165, 2015 WL 5432108, at *2 (D. Minn. Sept. 14, 2015).
CONCLUSION
ACCORDINGLY, IT IS ORDERED that Mr. Young's Objections to the Government's Writ of Execution (ECF No. 65) are OVERRULED and the Writ of Execution is upheld.

Mr. Young disputes some minor calculations and believes the total amount owing is somewhat less than $4.4 million. The disputes are not material to what is at issue here because even Mr. Young acknowledges he owes far more than the available balance in his 401(k).