**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2142
_____

UNITED STATES OF AMERICA

v.

STEVEN T. REUTER, SR., Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1-03-cr-00060-001)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2021

Before: GREENAWAY JR., KRAUSE, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 19, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Reuter, proceeding pro se, appeals an order of the United States District Court for the District of Delaware denying his motion to quash a writ of garnishment and a garnishment order. We will affirm the judgment of the District Court.

In 2004, Reuter pleaded guilty to one count of mail fraud. He was sentenced to six months in prison and three years of supervised release and was required to pay restitution to his victims in the amount of $50,820. In an amended judgment, Reuter was ordered to make monthly payments of $300 to begin 30 days after he was released from prison to a term of supervision. According to the Government, Reuter was released in 2005 but he did not make the payments. The Government has seized monies through offsets of Reuter's social security benefits to satisfy the restitution order.

In 2020, the Government filed an application for a writ of garnishment in order to garnish $28,241.73, which was Reuter's share of the distribution of assets from his mother's estate. The Government stated that Reuter still owed $36,421.32 in restitution. The District Court issued the writ, which directed the law firm Morris James LLP to advise the Court whether it had any property owned by Reuter and to retain any such property. The law firm replied that it had inheritance funds in the amount of $28,241.73.

Reuter filed a motion to stay the garnishment to give him time to submit financial hardship documents to the Government in an effort to reduce his restitution obligation. The Government opposed a stay. It argued that Reuter had not disputed its authority to garnish the funds, that a stay was not warranted to the extent he sought to persuade it not

2

to garnish them, and that his alleged financial hardship had to be weighed against the fact that his victim had not been made whole. The District Court denied a stay.[1]

Reuter then moved to quash the writ of garnishment. He stated that the Assistant United States Attorney had assured him that he could submit a financial hardship form before the inheritance would be garnished and that he had sent his financial information to the Government and the District Court. He also asserted that the writ of garnishment was not properly served under Florida law. Reuter attached to the motion a claim for exemption form in which he requested a hearing. He noted on the form that the Government was already garnishing his Social Security income.

The Government responded that Reuter had not provided any basis for exempting the inheritance funds from garnishment and that he seemed to be rearguing his motion for a stay. The District Court agreed and denied the motion to quash. The Government then applied for, and the District Court issued, a Garnishee Order requiring Morris James to pay the Government the $28,241.73. The District Court noted in its order that Reuter had not requested a hearing to determine whether the property was exempt from garnishment. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's garnishment order for abuse of discretion. United States v. Elashi, 789 F.3d 547, 548 (5th Cir. 2015). Questions of law are reviewed de novo. Id.

---

[1] The District Court also denied Reuter's request to transfer venue to a District Court in

Reuter asserts on appeal that he was not properly served the writ of garnishment. He argued below that the writ was improperly delivered on a Sunday and was not delivered to him personally as required by Florida law.  The Government enforced the restitution order pursuant to the Fair Debt Collection Practices Act, which provides that a writ shall be served in accordance with the Federal Rules of Civil Procedure.  28 U.S.C. § 3004(a).  See also 18 U.S.C. § 3613(a), (f) (stating that the United States may enforce a restitution order in accordance with the procedures for enforcement of a civil judgment).

Under the federal rules, service may be made by leaving papers at a person's "dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(B); Fed. R. Civ. P. 5(b)(2)(B)(ii).  The Government filed an Affidavit of Service, which reflects that a process server attempted to serve the writ at an address for Reuter that turned out to be a post office address.  After unsuccessful attempts at another address, the server went to a third address.  Reuter's wife answered the door and the server told her that she had paperwork for Reuter.

Reuter's wife told the server to come back when Reuter was home.  The server left the paperwork in the door jamb as Reuter's wife shut the door and told his wife that she was leaving the paperwork.  Reuter stated in his motion to quash the writ of garnishment that the server left without serving the papers, but he also stated that he found the writ on the ground near his neighbor's door the next day.  We conclude that service was properly

Florida, where he lives.

4

made based on the Affidavit and Reuter's receipt of the papers.  See also Travelers Cas. & Sur. Co. of America v. Brenneke, 551 F.3d 1132, 1135-36 (9th Cir. 2009) (in-hand service not required where a defendant attempts to avoid service).

Reuter also contends that the District Court erred in denying his motion to quash the writ without holding a hearing.  The District Court stated in the Garnishee Order that Reuter had not requested a hearing, but he did so on the claims exemption form attached to his motion to quash.  On that form, Reuter indicated property he claimed was exempt from garnishment and requested a hearing to determine the validity of his claims.  From the list of exempt property, Reuter claimed the following exemptions: wearing apparel and school books, fuel and certain personal effects, unemployment benefits, and wages, salary, and other income.

As the Government states in its brief, it was seeking to garnish Reuter's inheritance and the exemptions he claimed were inapplicable.  Reuter does not argue on appeal that any of the exemptions apply.  Under these circumstances, we agree with the Government's contention that the District Court's misstatement that Reuter did not request a hearing, and the lack of a hearing, were harmless error.  Cf. United States v. Nash, 175 F.3d 440, 443 (6th Cir. 1999) (applying harmless error to a claim that the district court improperly denied a motion to transfer garnishment proceedings).[2]

_____

[2] To the extent Reuter relied on the exemption for wages, salary, and other income, the form states that this exemption does not apply in criminal cases.  See also 18 U.S.C. § 3613(a)(1).

5

Reuter's remaining arguments do not warrant extended discussion. He asserts that the Government is already garnishing a portion of his Social Security benefits, but he has not shown that this precludes the Government from garnishing the inheritance funds. See 18 U.S.C. § 3613(a), (f) (providing that the United States may enforce an order of restitution "against all property or rights to property"). Reuter also contends that the Government breached a promise to review his financial situation before pursuing garnishment. However, he has not shown that the District Court abused its discretion where the Government had the authority to garnish the funds to satisfy the restitution order and it opposed staying the garnishment. To the extent Reuter asserts that his wife is entitled to the inheritance funds and raises constitutional claims, he forfeited these arguments by not raising them in his motion to quash and we do not consider them. See In re Diet Drugs Prod. Liab. Litig., 706 F.3d 217, 226-27 (3d Cir. 2013). We have reviewed Reuter's other contentions and conclude that they lack merit.

Accordingly, we will affirm the judgment of the District Court.